JOHN O'LEARY, PLAINTIFF IN ERROR, V. HENRY ISKEY, DEFENDANT IN ERROR.

1. Trial of Appeals in District Court. When an appeal is taken from the county court to the district court, the case is to be tried in the appellate court upon the issues that were presented in the court from which the appeal is taken.
2. Error: CONFLICTING TESTIMONY. Where there is a direct conflict in the testimony, and the only question presented is the credibility of witnesses, the verdict will not be disturbed.

ERROR to the district court for Sarpy county. Tried below before SAVAGE, J.

A. M. Robbins, for plaintiff in error.

John Q. Goss, for defendant in error.

MAXWELL, CH., J.

This action was commenced in the county court of

Sarpy county, and judgment rendered in favor of the plaintiff for $499.83 and costs. The defendant appealed to the district court, where judgment was rendered in his favor for seventy-one cents. A motion for a new trial was overruled and judgment rendered on the verdict. The cause is brought into this court by petition in error.

The action is based upon certain promissory notes given by the defendant to the plaintiff. The answer of the defendant in the county court was that he had paid the notes in full. In the district court he pleaded payment and also a set-off for the sum of $542.00, the date of the items running from 1873 to 1877. No motion was made to strike the alleged set-off out of the answer, and the case was tried upon the issue thus made. Had a motion been made to strike the set-off out of the answer, it should have been sustained. Cases are to be tried on the same issue in the appellate court as in the court of original jurisdiction, with the exception that matter arising after the trial, such as payment, compromise, release, etc., may be pleaded as a defense to the action. But a set-off, arising before the commencement of the action, to be available in the appellate court, must have been presented to the court below for its adjudication. The reason is, an appeal, when a bond is given as in this case, has the effect to vacate the judgment of the court below, and presents the same issue to the appellate court, for its determination as was presented in the court below. If new issues can be raised in the appellate court it is not a trial of the same cause,—not in fact an appeal. An appeal brings up the case presented in the court below for a new trial, and the issues cannot be changed in the appellate court, except by consent, or in the manner above suggested. Cases are to be tried on their merits, then if either party is dissatisfied with the judgment he may appeal. But if he fail to make his

defense and allow judgment to be taken against him by default, and fail to have the default set aside, and make his defense in an action tried before a justice of the peace or in the county court, he thereby waives his right to appeal. *Clendenning v. Crawford*, 7 Neb., 474. But this objection is waived if a party proceed to trial without objection upon the issue as made by the pleadings, and as there is no objection on this ground it cannot be considered.

The questions involved in this case are questions of fact, and to a great extent depend upon the degree of credit to be given to the witnesses. The testimony of the plaintiff is directly at variance with that of the defendant, and it is evident that the testimony of both of them cannot be true. This being the case, their credibility was properly submitted to the jury, and we see no cause to disturb the verdict. Whether or not the defendant is entitled to recover costs under section 102 of the code upon his set-off, is not raised by the record, and in any event the remedy is by motion to retax. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.