FIRST NATIONAL BANK OF MADISON v. H. H. CARSON.

[FILED JULY 2, 1890.]

1. **Burden of Proof**: ACTION ON PROMISSORY NOTE. In an action on a promissory note, where the answer is a general denial, the burden of proof is upon the plaintiff to show that the defendant executed the note. This burden does not shift to the defendant after the note is introduced in evidence, but remains with the plaintiff through the entire trial.

2. **New Trial**: IRRELEVANT TESTIMONY. The admission of irrelevant testimony on a jury trial, to the prejudice of the adverse party, is good ground for a new trial.

3. **Evidence**: SPECIFIC OBJECTIONS. Objection to testimony on the ground that it is "incompetent, irrelevant, and immaterial," is specific enough to apprise the trial court of the real grounds of objection to the testimony.

4. **Appeal**: COUNTY TO DISTRICT COURT: NEW ISSUES RAISED: WAIVER. Where a cause is appealed from the county court, the case should be tried in the district court upon the same issues that were presented to the lower court. If the appellee goes to trial in the appellate court without objection, upon new issues, it is a waiver of the error.

5. ———: ———: ———. An action was brought in the county court upon a promissory note for less than $200. No affidavit was filed in said court denying that the note was made, given, or subscribed by the defendant, as required by section 1100a of the Code. On appeal to the district court, the answer of the defendant was a general denial, and a specific plea of forgery. *Held*, That the answer tendered a different issue in the appellate court from that presented in the court of original jurisdiction.

6. **Instructions**. The fourth instruction given at the request of the defendant, *held*, to be based upon the testimony, and rightly given.

7. ———. *Held*, Error to refuse an instruction warranted by the testimony and which contains a correct statement of the law of the case, if the principles of which have not been covered by the charge of the court.

ERROR to the district court for Madison county. Tried below before POWERS, J.

*S. O. Campbell,* and *John B. Barnes,* for plaintiff in error:

The execution of the note was not an issue before the county judge, and, therefore, could not be made one in the district court. (*O'Leary v. Iskey,* 12 Neb., 137; *Baier v. Humpall,* 16 Id., 128; *Fuller v. Schroeder,* 20 Id., 636; *Ruddick v. Vail,* 7 Ia., 44.) As to the fourth instruction asked by defendant: *Newton Wagon Co. v. Deirs,* 10 Neb., 292; *Turner v. O'Brien,* 11 Id., 108; *U. P. R. Co. v. Ogilvy,* 18 Id., 639. As to the testimony of Wohlford: *Dunbier v. Day,* 12 Neb., 600; *Cropsey v. Averill,* 8 Id., 158; *High v. Bank,* 6 Id., 157.

*Allen, Robinson & Reed,* contra:

An objection to evidence as " immaterial, irrelevant, and incompetent," is not specific enough to warrant an appellate court in reviewing a ruling adverse thereto. (*Byard v. Harkrider,* 9 N. E. Rep., 294; *McKinsey v. McKee,* Id., 772; *R. Co. v. Falvey,* 3 Id., 392; *Davis v. R. Co.,* 2 S. E. Rep., 555.) The burden was on plaintiff to establish the genuineness of the note (*Donovan v. Fowler,* 17 Neb., 247); and so continued throughout the case (2 Am. & Eng. Encyc. of Law, 650, and note).

NORVAL, J.

This action was commenced in the county court of Madison county, upon a promissory note, of which the following is a copy:

"$150.                    MADISON, NEB., Nov. 12, 1887.

"On the first day of June, 1888, I promise to pay Thos. E. Hall, or order, one hundred and fifty dollars, for

value received, negotiable and payable without defalcation or discount, with 8 per cent interest 'from date.

　　　"(Signed)　　　　　　　　　H. H. CARSON."

　　Indorsed on the back: "Thos. E. Hall, E. B. Place."

While both plaintiff and defendant appeared before the county court at the 'trial, the defendant offered no testimony. A judgment was entered against the defendant for $159.80 debt, and costs taxed at $3.55. The defendant thereupon removed the cause to the district court by appeal, where the plaintiff filed a petition founded upon the note in question. The defendant answered denying the allegations of the petition, and further answering alleged "that the instrument sued on in this case is a forgery, and not the genuine promissory note or obligation of the defendant." The plaintiff presented a motion to strike from the answer the specific plea of forgery, which motion was overruled by the court. A reply was filed and a trial had to a jury, which resulted in a verdict for the defendant.

The first error is assigned upon the ruling of the court upon the plaintiff's motion to strike from the answer the allegation of forgery. It is claimed that this motion should have been sustained, because that part of the answer presented a new and different issue from that on which the case was tried in the county court. The defendant made no defense in that court, nor did he file an affidavit denying the genuineness of the note.

Sec. 1100a of the Code provides: " That in all actions before justices of the peace, in which the defendant has been served with summons in this state, it shall not be necessary to prove the execution of any bond, promissory note, bill of exchange, or other written instrument, or any indorsement thereon, upon which the action is brought, or set-off or counter-claim is based, unless the party sought to be charged as the maker, acceptor, or indorser of such bond, promissory note, or bill of exchange, or other written instrument, shall make and file with the justice of the

peace before whom the suit is pending an affidavit that such instrument was not made, given, subscribed, accepted, or indorsed by him."

The provisions of this section apply to causes brought in a county court, upon any instrument referred to in the section, and which are cognizable before a justice of the peace. It is obvious that the genuineness of the note was not in issue before the county court. In order to have put in issue before that court the execution of the note, it was necessary for the defendant to have filed an affidavit, stating therein that it was not subscribed by him. The answer filed in the district court, therefore, raised an issue of fact that was not presented in the court from which the appeal was taken. When an appeal is taken to the district court from a county court the case should be tried upon the same issues that were presented in the lower court. The motion to strike from the answer the allegations of forgery was well taken, and should have been sustained. (*O'Leary v. Iskey*, 12 Neb., 137; *Fuller et al. v. Schroeder*, 20 Id., 636.) Had the motion been sustained it would have been no advantage to the plaintiff, for the obvious reason that under the general denial contained in the answer, the execution of the note was put in issue. The plaintiff made no objection to the general denial, but went to trial on the issue thus tendered. It thereby waived the error committed in trying the cause upon a different issue from that on which the case was heard in the county court.

Upon the trial the defendant testified that he did not sign the note, but that the same was a forgery. The plaintiff's testimony tended to show that the defendant's genuine signature was appended to the instrument. At the close of the testimony the court on its own motion instructed the jury as follows:

"1. The plaintiff's action is based upon a certain promissory note, with the name of the defendant signed to the same as maker, of the date November 12th, 18⁻⁰, for the

sum of $150 and interest; payable to the order of one Thomas E. Hall, and indorsed to the plaintiff.

"2. Defendant denies the execution of said note.

"3. And under the issues as joined it is incumbent upon the plaintiff to prove by a preponderance of the evidence that the note in suit was executed by the defendant as alleged, that the plaintiff is the owner of same, and that said note is now due and unpaid.

"4. If you believe from the evidence that the note in controversy was not executed by the defendant—that is, that he never signed the same, or authorized his name to be placed thereto by any one, but that his signature was placed to said note without his knowledge or consent, then you should find for the defendant, although such note may have passed into the hands of a *bona fide* holder before maturity.

"5. The note sued upon is in the form of a negotiable instrument, and a holder of negotiable paper who takes it before maturity, for a valuable consideration, in the usual course of business, without knowledge of facts which impeach its validity as between antecedent parties, is deemed a *bona fide* holder.

"5½. In order to defeat a promissory note in the hands of a *bona fide* holder it is not enough to show that such note was without consideration, nor is it sufficient to show that such purchaser took it under circumstances calculated to excite suspicion.   To defeat such note in the hands of a *bona fide* holder it must appear, by a preponderance of the evidence, that such purchaser was guilty of a want of honesty, or of bad faith, in acquiring it.   A party purchasing a promissory note is under no obligation to call upon the maker and make inquiry as to possible defenses which he may have, but of which the purchaser had no notice, either from something appearing on the face of the paper or from facts communicated to him at the time, nor to make inquiry as to the identity of the indorser, in order to recover from the maker of such note.

First Natl. Bank v. Carson.

" 6. If you believe from the evidence that the defendant executed and delivered the note in question as alleged, and you further find from the evidence that the plaintiff purchased the same before maturity in the usual course of business, and for a valuable consideration, without knowledge of any facts which might impeach its validity, as between the said Carson and the person to whom the note was given, then the plaintiff is entitled to recover, although you may believe from the evidence that said Carson never received any consideration for said note.

" 7. If you find from the evidence that defendant executed and delivered the note in suit, and that the plaintiff purchased the same before maturity for a valuable consideration, and without a knowledge of facts which might impeach its validity, as between Carson and the person to whom the note was given, the plaintiff is entitled to recover in this suit, although you may believe from the evidence that the defendant was swindled in the transaction, and received no consideration for said note. And the plaintiff, if it purchased the note as aforesaid, was not required in law to call upon and inquire of the defendant if he had a defense to said note, but might rely upon the genuineness of the maker's signature to the note as a right to recover thereon.

" 8. If you find that he did so execute said note as aforesaid, he must suffer the loss, if any, he has sustained thereby, because it is a maxim of the law, that where one of two persons must be made to suffer from the fraud or misconduct of another, the one who placed within the power of such person to perpetrate the fraud or to do the wrong must bear such loss.

" 9. The credibility of witnesses that have been examined in your hearing is for you to determine, and where witnesses have testified directly the opposite to each other, it is your duty to say, from the appearance of such witness while so testifying, their manner of testifying, their appar-

ent candor and fairness, their apparent intelligence, or want of candor, intelligence, and fairness, their interest or want of interest in the result of the litigation, and from these and all the other surrounding circumstances appearing on the trial, which of such witnesses are the more worthy of credit, and to give credit accordingly.

" 10. If you find for the defendant, you will so state in your verdict.

" 11. If you find for the plaintiff, the measure of its damage will be the amount of said note and interest, as shown thereon.

" 12. When you have retired to your jury room, you will select one of your number foreman, who will, when you have agreed upon a verdict, sign the same, and you will then return into court with such verdict."

No complaint is made to the giving of any of these in- instructions. Objection is made to the fourth instruction given at the request of the defendant, which is as follows :

"As applied to this case, forgery would consist in the false making of the instrument sued on, with intent to dam- age and defraud any person or persons, body politic or corporate, and if you find from the evidence that the in- strument sued on was not executed by the defendant, or by any other authorized person in his name, but was executed in the name of the defendant by Thomas E. Hall, or any other person having no authority to so execute it, with intent to negotiate it and defraud thereby some other per- son, it would be forgery, and the plaintiff cannot recover."

The criticism made to this instruction is, that no testi- mony was given on the trial which tended to show that Thomas E. Hall signed the defendant's name to the note. The testimony discloses that the defendant and Hall, at about the date of the note, entered into a contract whereby Hall undertook to furnish the defendant a patent stove burner to sell on commission. Soon after the note turns up in E. P. Place's hands, containing Hall's indorsement.

If, as the defendant testified, he did not execute the instrument, it must have been forged. We find sufficient evidence in the bill of exceptions to warrant the jury in finding that the note "was executed in the name of the defendant by Thomas E. Hall, or some other person having no authority to do so."

The plaintiff asked the court to instruct the jury that "If you find from the evidence that the defendant signed the note sued upon in this action, and that the plaintiff purchased it, you will find for the plaintiff." The refusal to give this request is assigned as error. The only issue made by the pleadings was, Did the defendant sign the note and did the plaintiff purchase it? If the jury found both in favor of the plaintiff, as they could have done under the evidence, then the plaintiff was entitled to a verdict. That this request stated the law correctly cannot be questioned. The defendant insists that the doctrine of the request is contained in the general charge of the court, and for that reason no error was sustained. The sixth and seventh paragraphs of the court's charge were not so favorable to the plaintiff. In those instructions the jury were told, that before they could find for the plaintiff they must find not only that the note was genuine, but that the plaintiff purchased it, "without knowledge of facts that might impeach its validity as between Carson and the person to whom the note was given." The want of consideration, or whether the bank was an innocent purchaser, were not in issue in the case. The sixth and seventh paragraphs of the instructions were therefore too favorable to the defendant and should not have been given and the plaintiff's prayer should have been granted.

The plaintiff in error also makes the point, that the court erred in refusing to give its third request, as follows:

"3. After the note was admitted in evidence, the burden of proof was upon the defendant to establish forgery, and it must be established by a preponderance of the evidence."

This instruction was properly refused. The burden was upon the plaintiff to establish the genuineness of the note by the preponderance of the evidence. This burden did not shift to the defendant after the note was introduced in evidence, but remained with the plaintiff through the entire trial. (*Donovan v. Fowler*, 17 Neb.; 247; *Holmes v. Riley*, 14 Kan., 131.)

The plaintiff called as a witness A. W. Whulford, the president of the plaintiff bank, who testified on direct examination, that he purchased the note for the plaintiff from a Mr. Place, and that he was acquainted with the defendant's handwriting, had seen him frequently write his name, and that the signature to the note was that of the defendant Carson. On cross-examination the witness Whulford testified in answer to questions as follows:

Q. Did you take the precaution to see Mr. Carson and inquire of him before buying the note?

A. I did not before buying the note.

Q. Had Mr. Place been introduced to you by any reputable business man?

A. No, sir.

Q. Did you make any inquiry outside of Place himself as to who he was and what he was doing?

A. I cannot say.

Q. What is your best recollection about it?

A. I don't think that I made any inquiry about it. I compared the signature on the note with signatures on other notes.

The plaintiff objected to each question, as incompetent, irrelevant, and immaterial, and took an exception to the ruling of the court.

This testimony did not in any manner tend to throw any light upon the issue the jury were called upon to try. Whether or no the bank was an innocent holder of the note was immaterial. The evidence bearing upon the genuineness of the note was very conflicting, and the testimony

objected to had a tendency to prejudice the jury against the plaintiff. Doubtless the jury were led by this testimony to believe that the bank was negligent in purchasing the paper, without making inquiry of the defendant if he had a defense to the note.

It is claimed on behalf of the defendant, that the objection to the testimony on the ground that it is "incompetent, irrelevant, and immaterial," is not specific enough to present any question for review. A number of decisions are cited from the supreme court of Indiana sustaining this position. While we entertain a high opinion for the decisions of that court, we cannot follow them on this question of practice. The objection was specific enough to apprise the trial court of the plaintiff's real ground of complaint.

As there must be a new trial we will not express an opinion on the sufficiency of the evidence to sustain the verdict.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.