Lee v. Walker.

| 35 | 689 |
| 35 | 693 |
| 35 | 689 |
| 55 | 443 |

---

LEE, FRIED & CO. v. JOHN WALKER ET AL.

[FILED NOVEMBER 16, 1892.]

Appeal from Justice's Court: ISSUES IN APPELLATE COURT.
    A cause appealed from a justice of the peace to the district court must be tried upon substantially the same issues in the appellate court as were presented to the justice of the peace, unless some matter such as payment, release, etc., has arisen since the former trial.

47

ERROR to the district court for Custer county. Tried below before HAMER, J.

*Henry M. Kidder,* for plaintiffs in error.

*J. C. Porter,* and *M. McSherry, contra.*

MAXWELL, CH. J.

This action was brought before a justice of the peace by the plaintiffs against John Walker and Robert Walker upon a promissory note. The defendants in their answer admitted the execution of the note, but claimed a set-off of $125 for services rendered by Robert Walker for the plaintiffs. On the trial of the cause, the justice found for the defendants and dismissed the action. The plaintiffs then appealed to the district court, where they filed a petition to which the defendant, John Walker, filed an amended answer as follows:

"Comes now John Walker and answering for himself alone, and in answer to the petition of the plaintiffs, admits the making, execution and delivery of the promissory note described in said petition.

"Defendant further answering said petition alleges that he has no knowledge whereof to form an opinion, and therefore denies each and every other allegation, and requires that strict proof may be had as to the truth of said allegations.

"Defendant further answering and by way of defense alleges the fact to be that this defendant signed said note at the request and instance of the payee thereof, to-wit, John C. Fitzen, and that said note was given without any consideration of any kind or character and that this defendant never received or derived any consideration or benefit whatever from the signing of said note. Wherefore defendant prays judgment that he may go hence without day and find his costs."

The plaintiffs thereupon moved to strike out of the answer the first six and the last seven lines "for the reason" that that portion of said answer raises a new issue in this cause and such issue was not raised in the court below.   This motion was overruled.

Robert Walker filed a separate answer and claimed a set-off as follows :

"Defendant further answering plaintiffs' petition and by way of cross action alleges the fact to be that the plaintiffs herein are indebted to this defendant in the sum of $400 as follows: To services as sole owner and manager from November 11, 1887, to March 11, 1888, four months, at $100 per month, and that said services were performed for the plaintiffs at plaintiffs' request and at the agreed price of $100 per month, and that said services were reasonably worth the said sum of $400.   Wherefore defendant prays judgment against the plaintiffs in the sum of $400 with interest at the rate of seven per cent from March 11, 1888, and for the costs of this action."

On the trial of the cause the jury returned a verdict as follows:

"We, the jury in this case, being duly impaneled and sworn, and after due deliberation, do find and say that there is due to the defendant, Robert Walker, the sum of $355.80, and we do further find that there is no cause of action as against the defendant, John Walker.

"JAMES DINWIDDIE,
"*Foreman.*"

There is also a plea of payment.

It is very clear that the judgment cannot be sustained.

This court, by an unbroken line of decisions, has held that "cases are to be tried upon substantially the same issues in the appellate court as in the court of original jurisdiction." (*O'Leary v. Iskey,* 12 Neb., 136; *Courtnay v. Price,* Id., 192; *U. P. Ry. v. Ogilvy,* 18 Id., 638 ; *Fuller v. Schroeder,* 20 Id., 631.)   Otherwise the appeal, instead

of being a retrial of the cause presented to the court of original jurisdiction where the prevailing party would be entitled to costs, might by presenting new issues in the appellate court make an entirely different case from that tried in the court below and thus in effect be an original action. Thus the prevailing party who had rightfully recovered a judgment in the inferior court and his costs, might be placed in the wrong and lose both his judgment and costs without a new trial. Where an appeal is taken to an appellate court, the same case substantially is to be tried as in the court below. Any other rule makes the trial in the inferior court a farce, and the judgment, although it may conform to the pleadings and proof, a thing of no importance—a needless performance to evade the law and recover costs, if the judgment in a party's favor is less than $200. This cannot be permitted. There was an entire disregard of these decisions in this case.

The question whether the set-off is proper is not raised and therefore is not before us.

On the trial in both courts there appears to have been a superabundance of motions—a practice which should not be encouraged.

The judgment is reversed and the cause remanded to the district court for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.