H. A. DARNER V. DANIEL DAGGETT.

[FILED NOVEMBER 16, 1892.]

1. **Appeal from County Court: ISSUES IN APPELLATE COURT.** It is the settled law of this state that, when an appeal is taken from the county court to the district court, the cause is to be tried in the latter court upon the same issues that were presented in the court from which the appeal was taken, with the exception of new matter arising after the trial.

2. **Allegata et Probata.** The testimony in a case should be confined to the issues formed by the pleadings.

3. **Admission of Incompetent Testimony.** In a cause tried to a jury, the admission of evidence which has no legitimate bearing on any matter put in issue by the pleadings, and which is prejudicial to the party complaining, is good ground for reversal of the judgment.

4. **Assignments of Error.** An assignment of error in a motion for a new trial, and in a petition in error, that " the court erred in admitting the evidence of witnesses for plaintiff and excluding the evidence offered by defendant, as shown by pages 5 and 6 of the record furnished by the official reporter, and made a part of the record by the bill of exceptions herein," is sufficient to entitle the party to review the rulings of the trial court on the admission and rejection of testimony, recorded on said pages of the transcript of the evidence.

5. **Trial: READING REPORTER'S NOTES TO JURY.** The jury, after retiring for deliberation, returned into court, announced that they were unable to agree, and requested to have a portion of the testimony of the defendant read to them by the official stenographic reporter, which was done in the presence of the attorneys for the respective parties. *Held,* Not reversible error.

6. Instructions: Exceptions: Review. An exception must be taken to the giving of instructions in a civil case in order to review them in this court.

Error to the district court for Dawson county. Tried below before Hamer, J.

*C. W. McNamar,* and *G. W. Fox,* for plaintiff in error.

*H. M. Sinclair, contra.*

Norval, J.

Defendant in error brought this action in the county court, alleging in his petition filed therein, in substance, that the defendant sold him a stock of hardware, for which Daggett was to pay the Chicago market prices of said classes of goods; that defendant furnished plaintiff an invoice of said goods, and falsely and fraudulently represented to plaintiff that the same was correct and based upon said market, which invoice amounted to the sum of $3,997.65, which amount plaintiff, relying on said representations, paid; that said invoice was not correct and was not based upon the Chicago market as agreed upon; that it was incorrectly added up, so that it was $99 more than it should have been; that the invoice price so furnished was in excess of the Chicago market to the amount of $450, and that there was a shortage of goods, the same being charged on said invoice and paid for by plaintiff to the amount of $400, with prayer for judgment against the defendant for $949, with interest thereon.

The defendant answered by a general denial.

Upon the trial the plaintiff recovered a judgment, and the defendant appealed therefrom to the district court, where the plaintiff obtained a verdict for $635, for which sum judgment was rendered.

The first error complained of relates to the ruling of the court below in sustaining plaintiff's motion to strike

out all of the defendant's answer excepting the general denial. The petition in the county and district courts was the same. In the appellate court the defendant filed an answer alleging, in effect, that plaintiff represented he was the owner of a valuable farm in Dawson county worth $2,700, free from incumbrance excepting a mortgage for $1,300, which plaintiff proposed to trade for said stock of goods; that defendant, relying on said statements and representations, traded said stock for said farm, and took plaintiff's notes for the difference between the farm, as so represented, and the price of said stock as invoiced; that in truth said farm was not worth more than $1,800; that defendant, relying on said representations of the plaintiff as to the value of said farm, did not go to see it, and did not examine the mortgage records until long after said trade; that there was an additional mortgage on said farm at the time for $130.50, which plaintiff concealed from defendant, which mortgage defendant was obliged to and did pay, to his damage in the sum of $130.50. The defendant, further answering, denied each and every allegation of the petition not by him specifically denied, and asked judgment for said sum of $130.50.

It is obvious that the court did not err in striking out of the answer the allegations therein relating to the representations of the plaintiff as to the value of the farm and the incumbrances thereon, for the reason that no such issue was presented in the county court. As already stated, the answer in that court was simply a general denial. Defendant should have set up in his first answer his counter-claim for damages; not having done so, he could not present it for the first time in the district court on the trial of his appeal. It is firmly settled in this state that a cause is to be tried in the district court upon appeal upon the same issues as in the court from which the appeal was taken, with the exception of new matter arising after the first trial. (*O'Leary v. Iskey*, 12 Neb., 136; *Baier v. Humpall*, 16 Id., 127;

*U. P. R. Co. v. Ogilvy,* 18 Id., 636; *Fuller v. Schroeder,* 20 Id., 631; *Lamb v. Thompson,* 31 Id., 448; *Bishop v. Stevens,* Id., 786.)

Complaint is made of the ruling of the court below on the admission of testimony. The defendant in error was sworn as a witness in his own behalf and, after having testified that plaintiff in error represented the goods were of a good quality, that he had never seen them prior to the purchase, but relied upon the representations of plaintiff in error, and that the goods were not merchantable, but mostly were old-fashioned, many of the stoves were broken, some were second-hand stoves and others were wood stoves of no use, was asked this question : " What was the difference, as near as you can estimate it, in value, between the stock of goods in the condition in which you received it and what the stock of goods would have been had it been as represented?" This question was objected to by plaintiff in error as speculative and immaterial. The court overruled the objection, an exception was taken to the ruling, and the witness answered, "$1,500." In this we think there was error. The testimony did not tend to prove any issue raised by the pleadings. The petition does not charge that the defendant below made any false representations as to the quality of the goods. The gist of the action is to recover damages for falsely representing that the invoice of the stock was based upon the Chicago market, errors in the footings of the invoice, and shortage of goods. In order to recover damages on the ground that the stock was not as represented, and that the goods were unsalable and in bad condition, plaintiff should have pleaded the facts in his petition. Even had the petition been thus framed, the testimony would have been incompetent. In such a case it would be manifestly improper for a witness to state his opinion as to the difference between the value of the goods in the condition received and what they would have been had they been as represented. That is for the jury

to determine from the entire testimony. Witnesses should, as a general rule, state the facts, leaving it to the jury to draw the proper conclusions therefrom.

It is urged by defendant in error that the above ruling in regard to the admission of testimony should not be considered by this court, for the reason that the same is not sufficiently raised by the motion for a new trial or in the petition in error. The second assignment in the motion, as well as in the petition in error, is in the following language: " The court erred in admitting the evidence of witnesses for plaintiff, and excluding the evidence offered by defendant as shown on pages 5, 6, 11, 13, 14, 43, and 43½ of the record furnished by the official reporter and made a part of the record by the bill of exceptions herein." The question and answer objected to, which are quoted above, are found on page 5 of the transcript of the testimony. The ruling complained of was, with sufficient definiteness, pointed out in the motion for a new trial. The attention of the trial court was as specifically challenged to its ruling on the admission of the testimony complained of as if the testimony of the witness had been set out in the motion, for to no other question on page 5 of the transcript was an objection made or an exception taken. For the same reason, we think the assignment in the petition in error is not too general to be considered.

Plaintiff in error also presents the point that the court below erred in permitting the official stenographer to read to the jury a portion of the testimony of the plaintiff in error. The record discloses that after the jury had retired to consider of their verdict, they came into court and asked to have a portion of the testimony of the defendant Darner read by the reporter. Counsel for defendant objected. The objection was overruled, an exception was taken, and the testimony called for was read. We are unable to see how plaintiff in error was in the least prejudiced by the reading of the reporter's notes. It does not appear what

portion of Darner's testimony was read to the jury. For aught that appears it was that part which was most favorable to his side of the case. If such were true, the reading was to his benefit. Again, as was said by this court in *Jameson v. State*, 25 Neb., 185, while the practice of allowing an official stenographer to read to the jury his notes of the testimony of a witness, upon the request of the jury, should not be encouraged, a judgment will not be reversed for that cause. Under the provisions of section 287 of the Civil Code, where a jury, after retiring for deliberation, disagree as to any part of the testimony, the court is authorized to give its recollection as to the testimony on the point of dispute. The reading by the official reporter of the testimony of a witness examined on the trial is certainly within the spirit if not within the letter of the statute. The stenographic reporter's notes of the testimony are liable to be more accurate than the judge's recollection of what was testified to.

It is next insisted that the court erred in giving the following instruction: "1. You will determine whether there was a shortage, and if you find that there was, you will allow the plaintiff the market value of the articles which the defendant failed to furnish, and you will be careful not to make too high an estimate. To this you may add the amount of the alleged error in computation, if you find the error and amount proven." No foundation was laid for a review of this instruction, for the reason no exception was taken to the giving of the same. This was necessary in order to review the alleged error. (*Scofield v. Brown*, 7 Neb., 222.)

As there must be a new trial it is not deemed necessary to pass upon the sufficiency of the evidence to support the verdict. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

THE other judges concur.