## HIRAM D. GATES vs. WILLIAM BANHOLZER.

Submitted on briefs April 17, 1893. Reversed June 16, 1893.

**Findings Unsupported by the Evidence.**

Certain findings of fact *held* not justified by the evidence.

Appeal by plaintiff, Hiram D. Gates, from an order of the Municipal Court of the City of St. Paul, *John Twohy, Jr.*, J., made February 9, 1893, denying his motion for a new trial of his action against William Banholzer.

*Walter L. Chapin*, for appellant.

*A. E. Bowe*, for respondent.

VANDERBURGH, J. This action is brought by plaintiff to recover for work and labor and materials furnished in repairing an artesian well for defendant in the year 1886, and a second count sets up another claim for work done and materials furnished in and about the same well in the year 1889. The defense is that the well was dug by plaintiff for defendant in the year 1886, by contract, and that the work and materials for which a recovery is sought in this action were furnished in completion or fulfillment of his duty under this contract, which had never been satisfactorily completed, and so the trial court found.

1. As respects the first cause of action, we think the defendant's contention may be sustained, though the evidence is not very

clear or satisfactory. The defendant called upon plaintiff to make the repairs or changes necessary to the satisfactory operation of the well shortly after the job was done. The evidence tends to prove that the plaintiff undertook to bring the water into the defendant's house above the level of this well by means of a water ram and fixtures. Defendant, finding that it did not operate well, sent word to the plaintiff to come and fix it, which plaintiff promised to do, and thereupon made sundry changes and repairs, which he now sues to recover for. We think there is sufficient evidence in the case to uphold the finding in defendant's favor.

2. But we are unable to say that the defense to the second cause of action is made out.

The plaintiff, having made proof of the performance of the labor and that the materials were furnished as alleged, in the fall of 1889, at the defendant's request, is entitled to recover, unless the defendant establishes the fact by a preponderance of evidence that it was done under the original contract. This, we think, he failed to do on the trial. The evidence tends to show that the water in the well was lowered from a cause common to similar wells in the vicinity, and hence some changes were required in the position of the ram and pipes, and certain of the joints and connections in the pipes had become loose and in disrepair, which was the occasion of plaintiff's being called on; and we do not think it was made to appear that the plaintiff was under an existing obligation to do the work in question by virtue of the original contract, or the manner of its execution.

Order reversed.

(Opinion published 55 N. W. Rep. 597.)