JOSEPH HOLUB v. MALCOLM C. MITCHELL.

FILED OCTOBER 17, 1894.    No. 5700.

1. **Appeal**: JUSTICE OF THE PEACE: JUDGMENT ON AWARD. A judgment rendered by a justice of the peace on an award made by arbitrators under the provisions of article 3, chapter 2, Compiled Statutes, 1893, is no more conclusive or final than an ordinary judgment at law rendered by such justice, and may be appealed from by either of the parties to such award.

2. ———: TRIAL DE NOVO. A party who duly appeals to the district court from a judgment rendered against him by a justice of the peace is entitled to a trial *de novo*, in the appellate court, of the facts upon which the judgment appealed from was rendered.

3. ———: HERD LAW: AWARD. The provisions of sections 991–995 of the Code of Civil Procedure are not applicable to awards made under article 3, chapter 2, Compiled Statutes, 1893.

ERROR from the district court of Saline county. Tried below before MORRIS, J.

*Hastings & McGintie* and *Robert Ryan*, for plaintiff in error.

*O. M. Quackenbush, contra.*

RAGAN, C.

On the 31st day of March, 1891, Malcolm C. Mitchell caused some hogs belonging to one Joseph Holub, which were found trespassing upon the cultivated lands of the

former, to be impounded in pursuance of the provisions of article 3, chapter 2, Compiled Statutes, 1893. Mitchell and Holub being unable to agree on the amount of damages and costs sustained by the former and resulting from the trespassing of said hogs, arbitrators, selected by said parties under section 5 of said article, assessed such damages, and, according to section 6 of said article, made in writing an award of such damages. Holub having failed for five days to pay the award so made, Mitchell filed said award with a justice of the peace of Saline county, who rendered judgment thereon in favor of Mitchell and against Holub for $19 and costs. Within ten days after the filing of said award with said justice of the peace, Holub duly appealed therefrom to the district court, and Mitchell there filed a petition against Holub in words and figures as follows:

"Now comes said plaintiff and alleges for cause of action against the defendant:

"1. That on the 21st day of March, 1891, the defendant's hogs, nine in number, did trespass upon the cultivated lands in the possession of this plaintiff, and thereupon the plaintiff took up and impounded said stock.

"2. That on the same day plaintiff served upon the defendant a notice of the taking up of said stock, a copy of said notice being hereto attached and marked 'Exhibit A.'

"3. That on the 23d day of March, A. D. 1891, the defendant notified this plaintiff that he objected to the amount of damages claimed, and appointed William Denton as his arbitrator; that on the same day the said William Denton and Henry Hicks, the arbitrators appointed by the defendant and this plaintiff, inquired into the damages done and made an award in writing which is hereto attached and marked 'Exhibit B;' that the said defendant Joseph Holub failed and refused to pay said award for five days after the rendition of the same, whereupon, on the 31st day of March, A. D. 1891, plaintiff filed said award with J. H. Squires, a justice of the peace in and for said county,

and asked the court to render judgment thereon, and on the 1st day of April, A. D. 1891, said justice did render judgment thereon for the sum of $19 and costs, taxed at $1.05; that said judgment has never been reversed, and now unpaid. Wherefore plaintiff prays that said award be adjudged valid and that he have and recover thereon from the defendant the sum of $19 and costs of suit."

To this petition Holub filed a demurrer, alleging as grounds thereof that said petition did not state facts sufficient to constitute a cause of action. The district court overruled the demurrer and rendered judgment in favor of Mitchell for the amount claimed in his petition, to reverse which judgment Holub prosecutes proceedings in error to this court.

It will be observed that there is no allegation in the petition of any damages sustained by Mitchell by reason of the trespassing of Holub's hogs. It appears that the learned judge of the district court was of opinion that the validity and conclusiveness of the award made in this case by the arbitrators, and filed with the justice of the peace, were to be determined in the manner provided by sections 991–995, of the Code of Civil Procedure, and that, as the appellant Holub had not filed with said justice an affidavit stating that he verily believed that such award was obtained by fraud, corruption, or other undue means, therefore the award made was final, and that neither it nor the judgment rendered thereon by the justice of the peace could be appealed from. We are of opinion that said sections of the Code of Civil Procedure are not applicable to awards made under said article 3 of said chapter 2. By the provisions of said sections of the Code of Civil Procedure, parties between whom a dispute exists are permitted to submit the matter in dispute to arbitrators, and the award made by them and filed with the justice of the peace is conclusive and binding upon parties to the dispute, unless attacked for fraud, corruption, or other undue means; but in the arbi-

tration proceedings provided for by said sections of the Code of Civil Procedure the disputing parties, and each of them, act voluntarily, whereas by the provisions of section 4 of said article 3, chapter 2, it is provided that if the owner of the trespassing stock shall refuse, within forty-eight hours after being notified in writing, to pay the damages claimed to have been done by his stock, and he shall refuse to appoint an arbitrator to represent his interest, his stock shall be sold as upon execution. The arbitration, then, provided for by said article 3 of said chapter 2 is not a voluntary one; and by section 6 of said article it is expressly provided that either party may appeal from the award made by the arbitrators, or from the judgment rendered on such award by a justice of the peace. A judgment rendered by a justice of the peace on an award made by arbitrators under said article 3 of said chapter 2 is no more conclusive or final than an ordinary judgment at law rendered by such justice of the peace, and may be appealed from by either of the parties to said dispute or award; and a party who duly appeals to the district court from a judgment rendered against him by a justice of the peace is entitled to a trial *de novo*, in the appellate court, of the facts upon which the judgment or award appealed from was rendered. The judgment of the district court is reversed and the case remanded with instructions to sustain the demurrer of Holub to Mitchell's petition, with leave to Mitchell, if he so desires, to amend his petition.

REVERSED AND REMANDED.

RYAN, C., not sitting.