Inglehart v. Lull.

---

BYRON E. INGLEHART V. LYMAN C. LULL ET AL.*

FILED MAY 20, 1903.   No. 11,663.

Justice of the Peace: APPEAL: ISSUE: EXTRINSIC EVIDENCE. Extrinsic evidence to show the nature of the case tried before a justice of the peace, upon a motion directed against an alleged change of issues on appeal, should be clear, convincing, and satisfactory, and should be carefully scrutinized.

ERROR to the district court for Douglas county: IRVING F. BAXTER, DISTRICT JUDGE. *Former judgment adhered to.*

---

* Rehearing of case reported in 64 Neb. 758.

*H. C. Brome* and *A. H. Burnett,* for plaintiff in error.

*Richard S. Horton, contra.*

Pound, C.

The question which has been argued upon rehearing is whether upon appeal from the judgment of a justice of the peace, the transcript showing that the defendant appeared at the trial but furnishing no evidence of what defense or defenses he presented, extrinsic evidence may be received in the district court, upon motion to strike out portions of an answer, in order to prove the nature of the defense made below and prevent the defendant from setting up new and additional defenses on the appeal.

Some confusion has arisen from the use of the word "issue" in this connection. As the rule is commonly stated, the cause must be tried in the appellate court upon the same issues that were presented in the court from which the appeal was taken, except as new matter may have arisen after the trial. Relying upon the technical meaning of this word issue, counsel for plaintiff in error contend that, since, except in case of a counter-claim, where a bill of particulars may be required, or in cases where an affidavit is necessary under section 1100a of the code, a defendant in justice's court may set up as many defenses as he may have, whether affirmative or by way of denial, without any pleading or written statement whatever, every defense other than those required to be stated in writing in the special cases mentioned is of necessity an issue, and may be set up in the district court on appeal whether presented to or relied upon before the justice's court or not. If the rule were statutory and we were bound absolutely by the exact form in which it is commonly expressed it would probably be true that the use of the word issue in this connection would justify such a contention. But the rule is judicial, not statutory, and an examination of the cases in which it has been an-

nounced shows at once that it has a wider scope than that
to which plaintiff in error would confine it, and that it
would be deprived of force, and the reason for its existence
would be largely impaired if we gave it such a construc-
tion. The rule is intended to prevent the proceedings in
the tribunal of original jurisdiction from degenerating
into a mere farce by requiring the parties to present the
controversy fully and in good faith to that tribunal, and
to prevent them from making a sham prosecution or de-
fense in the first instance and trying the cause afterwards
upon its merits in the higher court. Designed to effect
this object, the rule requires parties to present the same
case in the district court which they presented to the in-
ferior tribunal. It is not a question of issues solely, in the
technical sense of that term, but of the case which was
actually presented. In *Holub v. Mitchell,* 42 Neb. 389,
the court said:

"A party who duly appeals to the district court from a
judgment rendered against him by a justice of the peace,
is entitled to a trial *de novo,* in the appellate court, of the
facts upon which the judgment or award appealed from
was rendered."

In *Lee, Fried & Co. v. Walker,* 35 Neb. 689, it is said:

"It is very clear that the judgment can not be sustained.
This court, by an unbroken line of decisions, has held that
'cases are to be tried upon substantially the same issues
in the appellate court as in the court of original jurisdic-
tion.' *O'Leary v. Iskcy,* 12 Neb. 136; *Courtnay v. Price,*
12 Neb. 188; *Union P. R. Co. v. Ogilvy,* 18 Neb. 638; *Ful-
ler & Johnson v. Schroeder,* 20 Neb. 631. Otherwise the
appeal, instead of being a retrial of the cause presented to
the court of original jurisdiction where the prevailing
party would be entitled to costs, might by presenting new
issues in the appellate court make an entirely different
case from that tried in the court below and thus in effect
be an original action. Thus the prevailing party who had
rightfully recovered a judgment in the inferior court and
his costs, might be placed in the wrong and lose both his

judgment and costs without a new trial. Where an appeal is taken to an appellate court, the same case substantially is to be tried as in the court below. Any other rule makes the trial in the inferior court a farce."

In *Bishop v. Stevens,* 31 Neb. 786, the court said:

"The design is to encourage trials of cases upon the merits. If a party can withhold his defense in the inferior court, allow judgment to be rendered against him, and make his defense for the first time in the appellate court, the latter courts will be burdened with business, while great injustice will be done to litigants who had brought their actions before the inferior tribunals. A trial in a county court or before a justice of the peace, probably, will result in a correct judgment being rendered; and that this is true in an eminent degree, is shown by the comparatively small number of appeals taken from such judgments. In any event a party must present his defense and if the judgment is not satisfactory to him he may appeal the case submitted to the inferior tribunal to the district court, where he will be confined to the same issues as were presented .in the inferior court."

And in *Estate of Fitzgerald v. Union Savings Bank,* 65 Neb. 97, we had occasion to say recently:

"Parties should be required to present their whole case fully and fairly in the court of original jurisdiction. No opportunity should be afforded for mock contests in which neither side develops its case in good faith, followed by a substantial trial for the first time on appeal."

If the rule in question, in the language of MAXWELL, C. J., in *Lee, Fried & Co. v. Walker,* 35 Neb. 689, requires the parties to present the same case substantially as in the court below, it is not a mere matter of what a defendant might have presented in the justice court had he so chosen, but of what he actually did present. Of course, in inferior courts where there are written pleadings it will be sufficient if the defense is presented by the proper pleading. But in cases where no written pleadings are required or permitted, the only manner in which a defense can be

presented is by urging it at the trial, and unless it is so urged, it ought not to be presented upon appeal. We see nothing in conflict with this position in the case of *Baier v. Humpall*, 16 Neb. 127, in which it was held that a defendant who had appeared at the trial might appeal, although he had introduced no evidence. The court said that although he offered no affirmative proof he could cross-examine or contend that the plaintiff's evidence did not make a case. In consequence, a general denial on appeal to the district court would not make a different case from that which was tried in the court below by the defendant's appearing and contesting the right of the plaintiff to recover on the testimony he adduced. That the court took this view of the matter, is indicated by the syllabus in which it announced that the issues in the district court are to be the same as before the justice, and by the use of similar language in the opinion. The court in subsequent cases referred to this decision as establishing the rule that the same case was to be presented in the district court that was submitted to the court below. *Darner v. Daggett*, 35 Neb. 695.

As the defendant in justice's court ordinarily is not required to state his defense in writing, this rule would operate very unequally and one-sidedly if there were no way in which the district court could ascertain, when an answer filed upon appeal was challenged on the ground that it raised new defenses, what defenses were in fact presented at the former trial. If there were not some mode in which the district court could determine this question, the rule would in effect govern the plaintiff only, and while restricting him to the case presented in the first instance, would permit the defendant to try his case below or not as he chose, without any limitation when the case was appealed. In *Fuller & Johnson v. Schroeder*, 20 Neb. 631, this court held that where a change of cause of action on appeal did not appear on the face of the record, the change of cause of action might be set up by answer. That was an appeal from the county court in a cause involving more

than $200, in which written pleadings were required. The
court said:

"Where the objection is apparent on the face of the peti-
tion, a motion to strike from the files would be the proper
remedy; but there are many cases where the objection
can be made available only by answer. The petition in
the county court may have been inartistically drawn, and
did not fully state the cause of action, as in many cases in
that court the pleadings are not prepared by attorneys;
but in the district court, where greater care is required
in pleading, the cause of action is more accurately set
forth. If the identity of the cause of action is the same,
the rule is not violated. The second count of the answer,
however, alleges that said action 'was an action on an
account for money had and received.' If that allegation
is true, the objection in the second count of the answer
to the petition was well taken, and the demurrer should
have been overruled."

It is obvious that an answer setting up change of issues
on appeal could be sustained in such a case only by ex-
trinsic evidence at the trial as to what the issues were in
fact in the lower court. The court evidently considered
that the rule which obtains on an issue of *res judicata* was
applicable. Under the common law system of pleading,
the common counts or a plea of the general issue might
afford no indication of the true nature of the contest. A
great variety of controversies might be tried consistently
with the pleadings which would appear of record. The
parties were enabled to set forth their respective conten-
tions in technical language which might give no hint of
the true nature of their claims. Hence under a plea of
*res judicata* it was necessary either to limit the operation
of the rule as to the conclusiveness of a former judgment
very materially, or to admit extrinsic evidence for the pur-
pose of showing the actual controversy tried. In *Wash-
ington, Alexandria & Georgetown Steam Packet Co. v.
Sickles,* 24 How. (U. S.) 333, the court said:

"A system of general pleading has been extensively

adopted in this country, which rendered the application of the principle contended for by the plaintiffs impracticable, unless we were prepared to restrict within narrow bounds the authority of the *res judicata*. It was, consequently, decided that it was not necessary as between parties and privies that the record should show that the question upon which the right of the plaintiff to recover, or the validity of the defense, depended for it to operate conclusively; but only that the same matter in controversy might have been litigated, and that extrinsic evidence would be admitted to prove that the particular question was material, and was in fact contested, and that it was referred to the decision of the jury."

The admissibility of extrinsic evidence in such case is now well settled. Freeman, Judgments (4th ed.), secs. 256-273. The two cases are parallel. In each case the scope and operation of a well settled rule would be greatly restricted and its reason would be largely thwarted if the court could not receive evidence as to the issues upon which the case was in fact heard at the former trial. In each case the record of the former trial fails to disclose the nature of the case actually presented. In our opinion every reason which makes for the admissibility of extrinsic evidence in the one case applies equally in the other. Counsel contend that in the absence of a bill of exceptions the court can not inquire as to the evidence presented in the inferior tribunal. But the purpose of a bill of exceptions, is only to obtain review of some ruling upon a question of law or fact. Nothing of the kind is sought in such cases as the one at bar. The purpose of the evidence in such cases, is to enable the district court to know that it is trying the same case which was tried below, not to enable it to review any of the rulings made at the former trial.

Undoubtedly, the court ought to scrutinize the extrinsic evidence with some care. It ought to require clear and convincing proof, and should not act on doubtful or equivocal testimony. As in other cases where parol evidence is

received with respect to matters which the policy of the law requires to be in writing, the proof should be clear, convincing and satisfactory. *Doane v. Dunham,* 64 Neb. 135. But with proof of that character before it, we see no reason why it should permit a defendant to try a case on appeal, which he did not present to the tribunal of original jurisdiction.

We think the former opinion was right and should be adhered to.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the former judgment of this court is adhered to.

REAFFIRMED.

SEDGWICK, J., dissented.