CALVIN J. BROOKS V. EDGAR C. STANLEY.

FILED NOVEMBER 11, 1905.   No. 13,948.

A single assignment of error, covering several rulings of the trial court, in the following language: "Errors of law occurring at the trial and duly excepted to by the defendant, as follows, as shown on page 6," etc., *held* too general to call for consideration, especially where it appears, as in this case, that objections to one or more of the questions included in the assignment were properly overruled.

ERROR to the district court for Dawson county: HOMER M. SULLIVAN, JUDGE. *Affirmed.*

*Warrington & Stewart* and *G. W. Fox,* for plaintiff in error.

*H. M. Sinclair* and *E. A. Cook, contra.*

JACKSON, C.

The defendant in error, hereinafter styled plaintiff, recovered judgment in the district court against the plaintiff in error, hereinafter styled defendant, for the possession of about half an acre of farm land. The controversy arose over a dispute about the location of a government corner. The defendant prosecutes error.

The first assignment of error covers the ruling of the trial court upon the objections of the defendant to some 12 different questions propounded to the plaintiff's witnesses, the exact language of the assignment being: "Errors of law occurring at the trial and duly excepted to by the defendant as follows, as shown on page 6," etc. This assignment of error is too general to call for consideration under the rule adopted and followed in this court, and will be disregarded, especially where it appears, as in this case, that objections to one or more of the questions included in the assignment were properly overruled. We are aware that a similar assignment was held good in *Darner v. Daggett,* 35 Neb. 695, but in a later opinion by the same author the rule of that case was especially disapproved. *Phœnix Ins Co. v. King,* 54 Neb. 630.

The second and third assignments of error are that the verdict is not sustained by sufficient evidence and is contrary to law. We have read the entire record, and from a consideration of all the evidence do not hesitate to say that the claim of the plaintiff, as to the place where the government corner was actually located, is sustained by an overwhelming weight of the evidence, and it is difficult to understand how a jury could arrive at any different conclusion from the one reached.

The giving of instructions 4, 5, 7 and 9 by the court on its own motion is also assigned as error. Instruction 4 is: "You are instructed that the real question in issue in this case is whether or not the strip of land in controversy belongs to the land described in plaintiff's petition, or whether it belongs to the land of the defendant, and it will be your duty to determine where the correct boundary line is between plaintiff's and defendant's property." It is complained of this instruction that it omits to advise the jury that it would be their duty to determine from the evidence where the correct boundary line is, but the instruction is not open to this criticism. It does not purport to be a rule of procedure. By the in-

struction the court defines the issue and informs the jury of the real question to be by them determined. They were, by later appropriate instructions, informed as to the burden of proof and the rules of law applicable to the determination of the controversy.

Instruction 5 is as follows: "The court instructs the jury that, in questions of boundary, natural objects, called for, marked lines, and reputed boundaries, well established, should be preferred, in ascertaining the identity of a tract of land, to the courses and distances of the calls of the grant." The complaint about this instruction is that it is not applicable to the testimony and tended to mislead the jury. This contention cannot be sustained. It appears from measurements made by surveyors subsequent to the government survey that the distances between section corners, as shown by the government field notes, do not correspond with actual measurements. On the other hand, the testimony is such as to leave no doubt that certain mounds, witness marks and stakes evidenced the actual location of government corners, and these mounds, witness marks and stakes must control over the courses and distances shown by the field notes. The early settlers established their lines corresponding with the location of such corners, marked their boundaries by rows of trees, and by common assent recognized the boundaries so established for many years—in fact, until the evidences of the corner in dispute were obliterated by the plow, except the remains of a cedar stake found later at a point where the plaintiff claims the government corner in dispute to have been located. In view of these facts, the instruction is held applicable to the evidence.

The first sentence of instruction 7 is: "If you find from the evidence that a quarter corner was in fact located by the government surveyor on the north side of section 18, then that corner will mark the plaintiff's and defendant's boundary, regardless of any excess that may exist in the survey of the whole north line." It is said that

this sentence is misleading, because it is not broad enough under the evidence. It is a sufficient answer to say that, if the defendant was not satisfied with this instruction and desired one more specific, it was his privilege and duty to submit such an instruction to the court, with a request that it be given to the jury. This he did not do, and he cannot now be heard to complain of the instruction in question.

Through instruction 9 the court said to the jury: "You are instructed that, if you believe from the evidence that the line claimed by the plaintiff is the correct line, then you will find for the plaintiff." It is contended that this instruction is also too general. Our remarks relative to the objection to instruction 7 are equally applicable to the objection to instruction 9.

We find no error in the instructions complained of, and we recommend that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.