ERNEST W. TAYLOR ET AL., APPELLEES, V. PAUL RHODES, APPELLANT, IMPLEADED WITH AUGUSTINE J. RHODES ET AL., APPELLEES.
125 N. W. 2d 200

Filed December 20, 1963. No. 35511.

Paul Rhodes, pro se.

James L. Macken, for appellees Taylor.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action by Ernest W. Taylor and Evelyn Taylor, plaintiffs and appellees, against Paul Rhodes, Augustine J. Rhodes, Mutual Life Insurance Company of New York, and The Federal Land Bank, defendants. The defendant, Paul Rhodes, is the only appellant in the action here on appeal. By the pleadings no claim is made for affirmative relief against Mutual Life Insurance Company of New York or The Federal Land Bank

and none awarded either for or against them, hence no further reference will be made to them except to say that they were holders of liens on real estate which is a subject of controversy in this action. The defendant Augustine J. Rhodes is the wife of the defendant, Paul Rhodes, and although interests of hers are involved, she is not a party to this appeal.

The action here is one in equity instituted by the plaintiffs who are appellees here to set aside two separate transfers of title to real estate made by the appellant to the defendant, Augustine J. Rhodes, his wife. The purpose of the action was to have these transfers set aside so as to permit action to have the interest of the appellant subjected to the payment of a money judgment obtained in another action by the appellees here against the appellant together with interest on that judgment and the costs.

The judgment in the action here was in favor of the appellees and against the appellant and Augustine J. Rhodes. By the judgment in the case, the deeds were not set aside. They were not set aside by reason of the fact that the appellant voluntarily deposited with the clerk of the district court a sufficient amount of money with which to satisfy the money judgment with interest and costs in the other action. By the terms of the deposit, it was made a trust, to abide the ultimate decision as to the validity of the judgment which the appellees had obtained against the appellant in the action here.

Following a hearing, a motion for summary judgment made by the appellant was overruled and a motion for summary judgment in favor of appellees was sustained. By the judgment which was rendered a cross-petition which had been filed by appellant was dismissed; the fund which had been deposited by the appellant was ordered applied to the payment of the judgment, interest, and costs in the other action; the issue of invalidity of the conveyances made by the appellant to Augustine

J. Rhodes was dismissed; and it was provided that if the deposit made by appellant was insufficient to pay the judgment, interest, and costs in the other action, the appellees were declared to have the right to take further proceedings to recover the difference in that action.

Thereafter, the appellant filed a motion for new trial which motion was overruled. From the judgment and the order overruling the motion for new trial the appellant has taken this appeal.

The brief of appellant contains seven separate assignments of error which he contends are grounds for reversal, but there is a supplemental transcript which must be regarded as controlling and in it is contained an adjudication which fixes the issues triable in the district court and of course which defines the issues which are here for consideration and determination. This renders these assignments of error inapplicable.

The decision herein however requires a review of the procedures involved in actions by the appellant against the appellees and of appellees against the appellant and in particular an action which was commenced by appellant in the county court.

In that action, the appellant here, as plaintiff there, filed an action in the county court of Morrill County, Nebraska, against the plaintiffs and appellees here who were defendants there, for the recovery of judgment for $532.15. The record here shows service of summons on the appellees. In response the appellees filed a special appearance in which they asserted that the service of process was not sufficient. In it they asked for no relief. The action was filed December 29, 1958, and the service of process was made the same day. The special appearance was filed February 2, 1959. On June 22, 1959, the appellant moved for judgment because of default in which he asserted that the appellees had entered a general appearance and had failed to answer within the time required by law. On that date the motion for de-

fault was sustained and judgment was rendered in favor of appellant and against the appellees for $532.15 with interest.

On June 25, 1959, and within the same term, the appellees filed a motion to set aside. Grounds asserted in the motion were that the special appearance was filed before answer day; that they had entered no general appearance; that the attorney for appellees was under the impression that no action would be taken on the matter of judgment until the question of whether or not the appellees had entered a general appearance had been decided which had been taken under advisement; and that the appellees had a defense and counterclaim to and against the claim of appellant for all of which reasons they asked leave to plead to the petition and to file their counterclaim.

On June 27, 1959, the county court overruled the motion to set aside the default and judgment and the included motion for leave to plead.

From this judgment and order, the appellees took an appeal to the district court. On that appeal to the district court, the default and judgment were vacated and set aside and the appellees were given permission to answer in the district court the petition of appellant filed in the county court and also to file a cross-petition. The case was presented for trial to the district court on the issues presented by these pleadings. The adjudication which has been described as having been made by the appeal here was the result.

The journal entry describing and awarding judgment herein in favor of appellees recites that a hearing was had on a motion for summary judgment in favor of appellant; and that evidence was taken on a motion by the appellees for summary judgment and the parties rested.

Of this hearing there is a bill of exceptions. It contains no record of testimony of witnesses taken, but contains a large number of exhibits none of which is identified as supporting any practical phase or issue of the litiga-

tion in the case here. It should be said however that the authenticity of none of the exhibits is brought into question. It is the bill of exceptions of the appellant.

In any event, the bill of exceptions is of little, if any, moment in the light of what in analysis is involved and what was considered. Involved in actuality for the most part is a question of whether or not in the event a county court enters a default and renders judgment pursuant thereto and the default and judgment are vacated on appeal by the district court, may the district court, over objection, try the case from which the appeal was taken on issues not presented to the county court. The reason for this is that the appellant contends that new issues were presented to the district court by cross-petition.

The appellant contends that in such an event it is the duty of the district court to return the case to the county court for the trial of the new issues.

. The district court did retain the case, permitted defensive pleadings and a counterclaim, and rendered judgment in favor of the appellees, which action the appellant insists was without jurisdiction and rendered the judgment void and subject to collateral attack.

In the case of an appeal to the district court from the county court, the rules of pleading are the same as in an action in a justice of the peace court. Strine v. S. Kingsbaker & Brother, 12 Neb. 52, 10 N. W. 534; Clarine v. Nelson, 15 Neb. 440, 19 N. W. 684.

It is a rule that a case must be tried in the district court upon the issues presented in the lower court. First Nat. Bank v. Carson, 30 Neb. 104, 46 N. W. 276; Lee v. Walker, 35 Neb. 689, 53 N. W. 597; Jacob North & Co. v. Angelo, on rehearing, 75 Neb. 381, 110 N. W. 570; Weideman v. Estate of Peterson, 129 Neb. 74, 261 N. W. 150.

This cross-action was not amendatory of anything which had been pleaded by the appellant against the appellees in his action in the county court, and neither was it germane to any defense available to the appel-

lees in this action on the basis of pleadings. This is made conclusively clear by the pleadings, affidavits, and exhibits which were before the district court which are now before this court.

The entire pertinent substance was that of whether or not the appellees who had recovered a money judgment against the appellant had a valid judgment, and were entitled to have it satisfied out of the money which had been deposited conditionally by the appellant to satisfy it in case the appellees should prevail in this their action to set aside the deeds of the appellant to his wife.

By the judgment, the court determined that they had such a valid judgment. There is no evidence in the bill of exceptions on this subject, therefore the adjudication must be accepted as final. It was ordered that the money which had been deposited should be applied to the payment of the judgment to which attention has been called in accordance with the previous order of the court made pursuant to agreement of the appellant. There was nothing more which related to issues actually involved.

In the light of this, the question of whether or not the cross-action was proper does not require consideration further herein. The cross-action and that part of the record relating thereto had no relation in the light of the record presented, to any pertinent matter presented by the record. While it may well be said academically that the appellees were insistent upon something to which they were not entitled, it was not harmful to the appellant and that the relief granted to appellees was proper.

This is true since the record discloses by judicial determination and declaration as has already been indicated, that the appellant agreed on September 25, 1961, that "only issues relating to validity of the judgment herein in Case No. 4739 in the District Court for Morrill County, Nebraska, and that the fund which he has

heretofore deposited in court may be used to satisfy judgment in the event said issues are adjudicated adverse to defendant Paul Rhodes in these proceedings," were presented for determination.

The issue involved in case No. 4739 was finally adjudicated in favor of appellees. All in actuality that the court did by its judgment was to vacate the default, as it had a right to do, in the exercise of its discretion; adjudicate in accordance the declared tender of defensive issues made by the appellant; and implement the appellant's agreement to satisfy the judgment mentioned.

The judgment is correct and it is therefore affirmed.

AFFIRMED.