HOME FIRE INSURANCE COMPANY OF OMAHA V. ROBERT W. PHELPS.

FILED MAY 18, 1897. No. 7251.

1. **Review: QUESTIONS NOT RAISED BELOW.** An objection that the court refused to direct a verdict in the case not considered, because not raised below in the motion for a new trial.

2. **Instructions: EXCEPTIONS.** Exceptions to instructions as a whole are unavailing unless each paragraph is erroneous.

3. ———: ASSIGNMENTS OF ERROR. Errors in respect to giving or re-
fusing instructions must be separately assigned in the motion for
a new trial.

4. **Review:** CONFLICTING EVIDENCE. A verdict based on conflicting evi-
dence will not be disturbed.

5. **Insurance:** WAIVER OF BREACH OF POLICY. Where an insurance
company, with knowledge of a breach of the conditions by the
insured, fails to declare a forfeiture of the policy and continues to
recognize its liability by demanding proofs of loss, it waives the
defense based upon such breach of policy.

ERROR from the district court of Douglas county.
Tried below before SCOTT, J.  *Affirmed.*

*Tiffany & Vinsonhaler* and *Jacob Fawcett*, for plaintiff in
error.

*Smith & Sheean, contra.*

NORVAL, J.

Action by Robert W. Phelps against the Home Fire
Insurance Company of Omaha on a fire insurance policy
issued by the defendant upon plaintiff's dwelling. The
policy insured him in the sum of $300 for the term of
three years from February 7, 1889, against loss or dam-
age by fire.  On December 31, 1891, the property insured
was totally destroyed by fire.  Notice was given, and
proofs of loss were duly furnished by plaintiff, and the
defendant refusing to pay, suit was instituted to recover
the amount covered by the policy.  From a verdict and
judgment for plaintiff, the defendant prosecutes error.

At the close of the testimony defendant requested the
court to direct the return of a verdict in favor of the com-
pany, which motion was denied, and the ruling is now
urged as a ground of reversal.  The question not having
been called to the attention of the trial court in the
motion for a new trial, it is not available here.

It is claimed that the court erred in giving certain in-
structions, and in refusing others requested by the de-
fendant.  The charge consisted of seven distinct para-
graphs, and eight instructions were requested by the de-

fendant, which were refused. The instructions given, as well as those refused, were excepted to *en masse* by counsel for the company, and the instructions were grouped in the assignment in the motion for a new trial; hence the instructions will not be reviewed, as all of those given were not erroneous, and at least one of defendant's requests was rightfully refused. (*Union P. R. Co. v. Montgomery*, 49 Neb., 429.)

Complaint is made of but one ruling of the trial judge upon the taking of the testimony, namely, the exclusion from the jury of "Exhibit 6." This paper is an unsigned notice of loss under the policy in suit bearing date of January 2, 1892. It is not in the handwriting of plaintiff, nor was it shown that he caused the same to be prepared, or that it was drawn under his directions. Moreover, it was not competent evidence to prove that plaintiff did not furnish proofs of loss, and it is conceded the paper was tendered to establish that no proof of loss was ever demanded, tendered, or received.

The assignment that the verdict is excessive lacks merit. The recovery was for the full amount of the policy with interest. There was a total loss, and the building far exceeded in value the face of the policy, and counsel for the defendant in the brief with candor concede that if plaintiff was entitled to recover anything, the amount awarded by the jury was correct.

It is urged that the verdict is not sustained by sufficient evidence, and that plaintiff is not entitled to recover for two reasons: (1.) The policy was assigned without the consent of the company. (2.) The insured premises were permitted by plaintiff to become vacant and unoccupied during the life of the policy. It is disclosed that plaintiff assigned the policy by writing indorsed on the back thereof to one George A. Hoagland. The testimony adduced by the company tended to show that this was an absolute assignment made before the loss occurred, while the testimony on behalf of plaintiff was to the effect that the transfer was made to Mr. Hoagland

44

for collection, and for no other purpose whatever. These different theories were submitted to the jury under a proper instruction, and its finding is abundantly sustained by the proofs. It is not our province to weigh the evidence farther than to ascertain that it is sufficient to uphold the verdict. We have done this, and approve the conclusion reached by the jury upon that issue of the case.

The policy in suit provides that it should be void "if the above mentioned buildings be or become vacant or unoccupied   *   *   *   without consent indorsed hereon." For the purpose of defeating the action it was alleged and proved on the trial that the insured building was vacant and unoccupied at, and for some time prior to, the fire without the knowledge and consent of the defendant. To meet this defense plaintiff pleaded in his reply, and introduced evidence tending to establish the same, that the company, with full knowledge of the nonoccupancy of the insured property, called upon plaintiff to furnish additional proofs of loss, which were furnished, and that defendant also tendered to him thereafter a small sum of money in full settlement of his claim for damages under the policy, whereby it is insisted that the company has waived its right to urge a forfeiture of the policy on account of the vacancy of the building. The evidence relating to this branch of the case is conflicting, but it was ample to justify the jury in finding that the company, by the acts of its officers and agents, waived the defense predicated upon the forfeiture of the policy resulting from the vacancy of the premises. The defendant having recognized the binding force of the policy by demanding additional proofs of loss, it is estopped to now urge the forfeiture of the policy to defeat a recovery. (*Billings v. German Ins. Co.*, 34 Neb., 502; *Home Fire Ins. Co. v. Kennedy*, 47 Neb., 138.)

For the reasons stated, we conclude that the judgment of the district court is correct, and it is accordingly

AFFIRMED.