BYRON E. INGLEHART V. LYMAN C. LULL ET AL.*

FILED MAY 21, 1902. No. 11,663.

Commissioner's opinion, Department No. 1.

1. **Appeal from a Justice of the Peace: SAME ISSUES: NEW MATTER.** Where an appeal is taken from a judgment of a justice of the peace to the district court, the case is to be tried in the latter court upon the same issues that were presented in the court from which the appeal was taken, with the exception of new matter arising after the trial.

2. **Transcript: FAILURE TO DISCLOSE ISSUES: PAROL EVIDENCE.** Where the transcript from the justice court filed in the district court on appeal fails to show what issues were tendered in the justice court, parol testimony is admissible to show what issues were presented.

ERROR from the district court for Douglas county. Tried below before BAXTER, J. *Affirmed.*

*Brome & Burnett,* for plaintiff in error.

*Richard S. Horton, contra.*

---

*Rehearing allowed. Former opinion adhered to. Opinion filed May 20, 1903.

DAY, C.

On February 4, 1899, Lull and Skinner recovered a judg-
ment before a justice of the peace in and for Douglas
county against Byron E. Inglehart, as indorser and guar-
antor of a promissory note which had been assigned to the
plaintiff. From this judgment Inglehart appealed to the
district court, where, upon trial, judgment was again ren-
dered against him. To review this judgment he brings the
case to this court by proceedings in error.

The petition of the plaintiffs in the district court con-
tains the necessary averments to state a cause of action.
The defendant's answer admitted the indorsement of the
note and the delivery thereof to the plaintiffs, but by way
of defense alleged, in paragraphs two and three, two de-
fenses, one pleading payment and the other laches. On
motion of the plaintiffs the court struck from defendant's
answer paragraphs two and three, upon the sole ground
that the issues thus sought to be tendered were not pre-
sented in the court below. This ruling of the court pre-
sents the only question we are asked to review. The rule
is now well settled in this state that where an appeal is
taken from a county court or a justice of the peace to the
district court, the case is to be tried in the latter court
upon the same issues that were presented in the court from
which the appeal was taken with the exception of new
matter arising after the trial. *Darner v. Daggett,* 35 Nebr.,
695; *Baier v. Humpall,* 16 Nebr., 127; *O'Leary v. Iskey,*
12 Nebr., 136; *Fuller v. Schroeder,* 20 Nebr., 631; *Bishop
v. Stevens,* 31 Nebr., 786; *Robinson v. Buffalo County Nat.
Bank,* 40 Nebr., 235; *Levi v. Fred,* 38 Nebr., 564; *Cobbey
v. Buchanan,* 48 Nebr., 391; *Halbert v. Rosenbalm,* 49
Nebr., 498; *Bellamy v. Chambers,* 50 Nebr., 146. The
transcript of the record from the justice court, filed in
the district court, did not disclose what issues were ten-
dered before the justice. It contains the simple recital of
the "appearance" of the defendant, followed by a judg-
ment for the plaintiffs in the usual form. The record

brought to this court contains no bill of exceptions, so that it must be presumed that sufficient evidence was before the court to sustain its finding, if it be determined that it was competent for the court to hear testimony *aliunde* of the record to show what issue was in fact presented in the justice court. It is urged by counsel for the defendant that where a party on appeal alleges that the issues are different from those presented in the court from which the appeal is taken, he must establish that contention by the record, and can not do it in any other way. We do not wholly agree with this contention. If the record from the justice court had disclosed what issues were presented in that court, then it would have been repugnant to a familiar rule of evidence to receive parol proof to contradict the record. But where, as in this case, there is uncertainty in the record as to whether precise questions were raised and determined in the former trial, it is competent to supplement the record by extrinsic evidence. Counsel for defendant cite the case of *Cobbey v. Buchanan,* 48 Nebr., 391, as decisive of the question that the record is the only evidence to be considered in determining what issues were tried in the lower court. An examination of that case will disclose that it does not sustain the contention made for it. In that case a motion was made to strike certain paragraphs of the defendant's answer, upon the ground that new issues were sought to be tendered by it. There was no evidence by affidavit or otherwise to support this contention. The transcript of the record from the lower court to the district court simply showed an "appearance" of the defendant. Upon the facts thus presented this court very properly held, that the defendant was not required in the lower court to file an answer; that he was at liberty in the lower court to interpose any defense he saw fit; and, for aught that was disclosed by the record, he did interpose before the lower court the defenses sought to be stricken out on the appeal. In that case the district court refused to strike the paragraphs assailed because there was no evidence that the issues tendered were different from those

presented in the lower court.  In the case at bar there was evidence which we must presume was sufficient, in the absence of a bill of exceptions, to show that the issues tendered by the answer were different from those presented in the court below.

We therefore recommend that the judgment of the district court be affirmed.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.