ROBERT W. McGINNIS ET AL. V. R. K. JOHNSON COMPANY.

FILED SEPTEMBER 20, 1905.  No. 13,775.

1. **Pleading:** MOTION. A denial in an answer that the oral contract alleged by the plaintiff was made, together with a statement that a contract was made at the time alleged differing substantially from the one set up by plaintiff, is not subject to a motion to strike on account of changing the issues from a general denial, since the allegation that a different contract was made is a mere matter of evidence, tending to prove that the contract declared upon was not made. Such allegations may be superfluous and redundant, but do not change the issue.

2. **Sale:** DELIVERY. Where coal from a mine in Illinois was ordered from a wholesale coal dealer in Nebraska on December 7, 1901, to be delivered to the buyer at Valparaiso, Nebraska, for the winter trade, an offer to deliver the same upon March 28, 1902, is such an unreasonable delay in delivery as to release the buyer from the obligation to take and pay for the same, no good reason for the delay being shown.

3. **Delivery:** QUESTION FOR COURT. In such a case the court may determine whether the offer to deliver was made within a reasonable time as a matter of law, and it is unnecessary to submit the question to the jury for determination.

4. **Appeal Bond:** AMENDMENT. It is not error for the district court to allow an appellant to file an amended appeal bond within a specified time, to take the place of a bond irregular and defective in form.

ERROR to the district court for Saunders county: BENJAMIN F. GOOD, JUDGE. *Affirmed.*

*C. E. Abbott* and *B. E. Hendricks,* for plaintiffs in error.

*L. E. Gruver, contra.*

LETTON, C.

This action was originally brought in justice court to recover damages for the breach of a contract of sale and delivery of two cars of coal sold by the plaintiffs to the defendant. The bill of particulars alleged that an order was given to plaintiffs for two cars of coal, the delivery of one car to the defendant and payment therefor, and the tender to it of the second car and its refusal to accept the same. No answer was filed, but a continuance for 30 days was granted at defendant's request. The defendant failed to appear at the time to which the cause was continued. A trial was then had, and upon the evidence adduced the court found in favor of the plaintiff and against the defendant and rendered judgment accordingly. An appeal was duly perfected from this judgment to the district court. The petition filed in that court is substantially the same as the bill of particulars in the justice's court. The defendant filed an answer, first, denying every allegation in the petition except as thereinafter admitted; second, admitting that the coal was ordered, but setting forth in addition thereto that the coal was to be delivered in 30 days from the date of the order, that it was ordered expressly for winter trade, and that the delivery was not offered for nearly four months after the order was given and after the winter season was passed, and alleging further that the defendant before that time had rescinded and canceled the order on account of the nonfulfilment of the contract by the plaintiffs within the time limited. The plaintiffs thereupon filed a motion to the answer, asking the court to strike the same from the files for the reason that the allegations thereof were not in issue in the court below, and because of a change of

issues from those tried in the lower court. This motion was overruled, to which the plaintiff excepted.

This is the first error assigned. Since the defendant made no appearance in the justice's court, the allegations of the bill of particulars were to be taken as denied generally, and the plaintiffs were required to sustain the same by proper evidence. *Carr v. Luscher*, 35 Neb. 318. When they proved the making of the contract and the offer to deliver the coal to defendant within a reasonable time, its refusal, and the amount of damages sustained by reason of this refusal, they had made their case. In the district court the issues are required to be the same as those upon which the case was tried in the lower court, for otherwise it would be a new case and not an appeal. *Inglehart v. Lull*, 64 Neb. 758, 69 Neb. 173.

Does the answer tender a different issue from that presented in the justice court? The allegations of the answer deny the making of the contract sued upon, and allege the making of a different contract. Under the general issue as presented in the justice's court the defendant can only be permitted to show any fact which goes to disprove the facts alleged in the petition. The plaintiffs plead and rely upon an ordinary oral contract of sale and delivery. Under a general denial the defendant would be entitled to prove that the conversation in which the oral contract was claimed by the plaintiffs to be made was in fact different from what the plaintiffs' witness narrates, and that the agreement actually made was in fact different from the one alleged by limitations and conditions as to the time of the delivery of the coal. This would disprove the allegation that a contract was made such as is alleged and relied upon by the plaintiffs. While that part of the answer which pleads a rescission of the contract by the defendant was new matter, and not within the issues in the justice court, still the motion was made to the answer as a whole, and since a portion of the matter alleged therein was properly pleaded the motion was properly overruled.

At the conclusion of the testimony both parties moved for a directed verdict. The motion of the defendant to direct a verdict in its favor was sustained, the reason given by the court in the instruction being that the plaintiffs had failed to show that they delivered the coal within a reasonable time and because they failed to excuse the delay in the shipment of the coal. Plaintiffs duly excepted to the giving of this instruction, and the same is assigned here as error. The evidence upon the part of the plaintiffs was to the effect that its agent, J. A. Miller, took the order at Valparaiso for two cars of coal and one of salt on December 7, 1901, from R. K. Johnson, the managing agent of the defendant corporation, and that no stipulation was made as to the time of shipment or the size of the cars. The order was sent by him to the office of the plaintiffs at Fremont, Nebraska, and the coal was ordered shipped from a coal mining company in Illinois. On February 3, 1902, neither car had arrived, and the defendant wrote to the plaintiffs stating they needed the coal very badly and wished they would hurry it up. The first car reached Valparaiso on or before March 11, 1902, and was received and paid for by the defendant. On March 26, defendant wrote plaintiffs, stating that the other car had not come and "that it is now so late that we will be unable to use it." In reply to this the plaintiffs wrote that they were not responsible for the delay, and that since they had no other place for the car at this time they would expect defendant to take it. The second car arrived at Valparaiso on March 28. The defendant was notified of its arrival, but refused to accept it on account of the delay in delivery. The evidence does not show that any conditions or limitations were made in the contract with reference to the time of delivery. The contract therefore is nothing more or less than an ordinary contract of sale and delivery. In such a contract the condition is implied that the delivery shall be made within a reasonable time. The question presented here is whether or not this question in the instant case should have been decided

by the court or whether it should have been submitted to the jury under appropriate instructions. If there are no circumstances which might tend to excuse the delay, there can be no question that the lapse of nearly four months from the time of the giving of the order to the offer of delivery is so unreasonable that the buyer cannot be required to accept the goods, and the delay would be so clearly unreasonable that it would be the duty of the court to say as a matter of law that the buyer was excused thereby. Where there are circumstances of doubt or dispute as to the terms of the contract, or where facts are testified to which if believed by the jury might excuse the delay in delivery, then the question of whether delivery has been made according to the terms of the contract or whether the delivery has been made within a reasonable time under all the circumstances is a question for the jury.

We are of the opinion that the testimony as to an alleged usage of the coal trade that unless the buyer rescinds before the coal is shipped he cannot rescind thereafter, when considered in connection with the other facts, is no excuse for the delay. The knowledge of such custom was not brought home to the buyer. The coal was not shipped direct to the purchaser, it was billed to the seller, and the buyer had no control over the shipment. The seller was notified before the coal reached Valparaiso that the buyer did not want it, and its disposition was entirely within his own control. The defendant purchased the coal delivered at Valparaiso. It had a right to its delivery within a reasonable time, and after waiting from December 7, 1901, the date of the order, until March 26, 1902, without receiving the same, the delay was so unreasonable that it had the right to rescind the order at that time, which it did by letter of that date, and before the coal arrived at Valparaiso or before delivery was offered. We are of the opinion, under all the facts in this case, that the delay in delivery was so unreasonable as a matter of law that the district court was justified in giving the instruction complained of.

Complaint is made of the appeal bond, which was irregular and defective, but an amended bond was given by leave of the district court, and we think there was no error in this action.

We recommend that the judgment of the district court be affirmed.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.