MERCHANTS NATIONAL BANK OF OMAHA, APPELLEE, V. AMERICAN EAGLE TIRE COMPANY ET AL.: PEDER SKRIVER ET AL., APPELLANTS.

FILED NOVEMBER 17, 1921. No. 21686.

Appeal: ISSUES. "It is the settled law of this state that a cause is to be tried in the appellate court upon the same issues that were presented in the court from which the appeal was taken, with the

exception of new matter arising after the first trial." *Cobbey v. Buchanan*, 48 Neb. 391.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Carl E. Herring* and *Carl T. Self,* for appellants.

*I. J. Dunn, contra.*

Heard before MORRISSEY, C.J., ROSE, ALDRICH and FLANSBURG, JJ., BROWN and ELDRED, District Judges.

MORRISSEY, C.J.

Plaintiff brought this action in the municipal court of Omaha against the American Eagle Tire Company, a corporation, H. L. Buckles, Rose Buckles, Peder Skriver and W. R. Thomas, on a promissory note executed by defendants and payable to plaintiff. The petition is not set out at length in the transcript, but it appears that the note was for the principal sum of $1,000 and that $50 had been paid thereon. No defense was tendered by any defendant except Peder Skriver and W. R. Thomas, who filed the following answer:

"Comes now the defendants Peder Skriver and W. R. Thomas, and for their separate answer to the plaintiff's petition filed herein denies each and every allegation therein contained, not specifically admitted or denied.

"That said note is wholly without consideration as to these answering defendants, and that the said plaintiff and its representatives were so notified and knew that said note was without consideration as to these defendants, and that these defendants notified said plaintiff that said note was without consideration, and if any consideration was given any one on said note with the consent or for or in behalf of these answering defendants, and if any payment was made on said note, it was made without the consent or knowledge of these answering defendants, and that said note was procured by connivance and fraud by the plaintiff, and its officers and employees and Harry Buckles, in that by their false and fraudulent representa-

tions to these answering defendants they procured the
names of these defendants upon said note, and that said
note was without consideration to these defendants, that
the said Harry Buckles signed said note as H. L. Buckles
and is one of the defendants herein."

Trial was had and a judgment entered for plaintiff.
Defendants Skriver and Thomas prosecuted an appeal to
the district court, where they filed an answer differing
but little from the one set out above. To this answer
plaintiff filed a motion to make more definite and certain.
The motion was sustained by the court and defendants
filed an amended answer. A motion to strike certain
parts thereof was then filed by plaintiff; but, before the
court had ruled upon the motion, defendants filed a sec-
ond amended answer. A motion to strike parts of this
answer was filed by plaintiff, and sustained by the court.
At this point in the proceedings defendants procured
other counsel and a third amended answer was filed.
This answer admitted the corporate entity of plaintiff as
a national bank; that the promissory note in suit con-
tained the genuine signatures of the defendants; but
every other allegation in the petition was denied. The
answer then makes certain affirmative allegations, which
defendants summarize in their reply brief as defenses,
to wit:

"(1) The defendants Skriver and Thomas signed the
note in question as accommodation makers. (2) The con-
sideration inducing such signatures failed before the note
had been discounted by the bank. Skriver and Thomas
did not owe the bank anything. (3) The bank was
promptly notified of the revocation of these signatures.
(4) The bank did not set up any contract liability as a
reason for not accepting such revocation, and none such
exists in the pleadings, or anywhere else except in the
imagination of counsel for the appellee. What the bank
did was to give Skriver and Thomas, as alleged in the
answer, a silly reason that he could not revoke his signa-
ture because he was not an officer of the tire company,

but they refused. (5) The answer further alleges that the bank discounted the paper, relying upon the financial ability of the other signers to this note."

This summary of what the answer contains is used in preference to setting out at length the allegations of the answer, because of the brevity of the summary. Plaintiff by motion moved to strike all that portion of the answer which is summarized in defendants' brief. The motion is based upon three grounds. One, however, is all we deem it necessary to mention, namely: "The allegations seek to present an issue of defense not pleaded below." The court sustained the motion. Defendants did not plead further, and judgment was entered in favor of plaintiff against the answering defendants for the face of the note and interest due. Defendants appeal.

The real question presented is: Did that part of the answer stricken by the court set up a defense not pleaded in the municipal court? This necessitates, first, a consideration of the answer pleaded in the municipal court. It may be conceded, we think, that the answer in the municipal court contains a general denial, but we can find no other defense or issue tendered by the language used. The answer says that the note was without consideration to the answering defendants, but it does not allege that it was without consideration to their codefendants, the joint makers. It says that notice was given to plaintiff that the note was without consideration as to them, but it does not specify in what form or manner the notice was given or that it was given before plaintiff had paid over the face of the note on the faith and credit thereof. It undertakes to allege that the note was procured by fraud of plaintiff, but states no fact or circumstance constituting the fraud. The allegations amount to a mere expression of opinion, or conclusion, of the answering defendants. Thus, we think it clear upon the face of the answer that the only defense it tendered was a general denial. Taking defendants' own interpretation of the matter set up in the third amended answer,

which was stricken on motion of plaintiff, we find that this matter raised an issue not presented in the court below, and, the issue being raised, it was the duty of the court to order it stricken. "It is the settled law of this state that a cause is to be tried in the appellate court upon the same issues that were presented in the court from which the appeal was taken, with the exception of new matter arising after the first trial." *Cobbey v. Buchanan*, 48 Neb. 391.

The new matter contained in the third amended answer did not arise after the trial in the municipal court. The district court did not err, and the judgment is

AFFIRMED.