W. G. SUMMERS, APPELLEE, V. AUTOMOBILE INSURANCE COMPANY OF HARTFORD, APPELLANT.

FILED JUNE 27, 1928. No. 26130.

*Montgomery, Hall, Young & Johnsen* and *Davis & Davis*, for appellant.

*B. A. Rose* and *E. M. White, contra.*

Heard before Goss, C. J., Dean, Thompson, Eberly and Howell, JJ., and Begley and Redick, District Judges.

Begley, District Judge.

Action to recover damages for partial loss of crop under terms of a hail insurance policy. Answer admitted insurance under the policy, but alleged that it contained a provision that the company was not liable for loss unless sworn proof of loss should be furnished the company within 60 days after such loss, setting forth specific information relative to the loss, and that this was not done. Reply was a general denial. On the trial the defendant moved for a directed verdict both at close of plaintiff's evidence and at the close of all the testimony, which were overruled. The jury returned verdict for plaintiff for $367.50, the amount sued for. From a judgment on which defendant appeals.

The plaintiff's evidence showed that he made no sworn proof of loss as provided by the terms of the policy, but that he notified defendant's agent the day after the loss, who wrote a letter to the company, and later a man appeared at the place claiming to represent the company as an adjuster, but he went away without making such adjustment. Plaintiff contends this constitutes a waiver, but his difficulty is that he has not pleaded a waiver and therefore is not entitled to prove one. A waiver must be plead-

ed and cannot be proved under a general denial. *Sweet v. Antelope County Farmers Mut. Ins. Co.*, 91 Neb. 561.

Appellant complains of the insufficiency of the evidence to prove a loss or damage. The only evidence of damage was given by B. F. Ulm, a witness for plaintiff, who testified that in his opinion the corn crop was damaged between 30 and 35 per cent. and oats and rye between 40 and 50 per cent. There is not a word of testimony as to the number of bushels damaged or destroyed or the market value thereof, and the verdict can only be based on conjecture. The method of proving damages for loss or destruction of crops is set forth in *Hopper v. Elkhorn Valley Drainage District*, 108 Neb. 550, and *Pulliam v. Miller*, 108 Neb. 442. The motion for directed verdict should have been sustained on this ground.

The trial court, inadvertently perhaps, in its opening instruction instructed the jury as a fact "that there is now due and owing this plaintiff from the defendant insurance company the sum of $367.50," instead of stating that same was made as the claim of the plaintiff. In view of the fact that there was no evidence of damages, this was prejudicial and is doubtless what caused the jury to make the finding which they did.

For the foregoing reasons, the judgment is reversed and the cause is remanded for new trial.

REVERSED.