W. G. SUMMERS, APPELLEE, V. AUTOMOBILE INSURANCE COMPANY OF HARTFORD, APPELLANT.

FILED APRIL 18, 1930.  NO. 27225.

*Montgomery, Hall, Young & Johnsen* and *Davis & Vogeltanz*, for appellant.

*B. A. Rose* and *E. M. White, contra.*

HEARD before GOSS, C. J., DEAN, GOOD, EBERLY and DAY, JJ., and CARTER and CHASE, District Judges.

CARTER, District Judge.

This is an action brought in the county court of Garfield county, Nebraska, to recover damages for loss of crops under the terms of a hail insurance policy. The answer admitted the contract of insurance, but alleged that it contained a provision that the company was not liable unless sworn proof of loss should be furnished the company within 60 days after the loss, setting forth specific information relative to the loss, and that said proof had not been furnished as required by the policy. No reply was filed. A trial was had, judgment awarded plaintiff, and an appeal taken to the district court.

In the district court plaintiff filed a petition almost identical with the petition filed in the county court. Defendant filed its answer raising the same issue as was raised in the county court. The reply was a general denial. Trial was had and a verdict and judgment awarded plaintiff. An appeal was taken to this court, where the judgment was reversed. *Summers v. Automobile Ins. Co.,* 117 Neb. 318.

After the mandate of this court had been filed in the district court, plaintiff asked leave to file an amended petition alleging a waiver of the terms of the policy that had been previously pleaded as a defense. Written objections were filed to the allowance of the motion for leave to amend, on the ground that such an amendment, if allowed, would change the issues as presented on the trial of the case in the county court. The district court overruled the objections and permitted the amendment. Defendant then moved to strike the allegations alleged to constitute a waiver for the reasons previously set out in its objections to the amendment, which motion was also overruled. Defendant refused to plead further, a trial was had, and a judgment

entered. From this judgment the defendant appeals.

The defendant (appellant here) contends that the district court erred in overruling defendant's objections to the waiver allegations in the amended petition, and in overruling defendant's motion to strike from the amended petition that portion alleging waiver by the defendant of the terms and conditions of the policy. The only question for us to decide is whether the amendment permitted by the district court constitutes a change in the issues as pleaded and presented in the county court. The plaintiff in the county court alleged that he had complied with the terms and conditions of the contract of insurance. The defendant alleged as a defense a failure to furnish proofs of loss as required by the policy. No reply was filed. Under these pleadings, the question of a waiver of the conditions of the policy was not an issue. The question of waiver raises an issue that must be pleaded, and cannot be shown under a general denial. *Mordhorst v. Nebraska Telephone Co.*, 28 Neb. 610; *Swett v. Antelope County Farmers Mutual Ins. Co.*, 91 Neb. 561; *Summers v. Automobile Ins. Co.*, 117 Neb. 318. A waiver has been defined in an early holding of this court as "an intentional relinquishment of a known right, and there must be both knowledge of the existence of the right and an intention to relinquish it." *Livesey v. Omaha Hotel Co.*, 5 Neb. 50. In accordance with the general rule as to the burden of proof, it devolves upon the party claiming a waiver to prove the facts on which he relies to establish it. It is, therefore, more than a mere issuable fact, it is a complete defense to a breach or forfeiture when established by competent evidence. Its very nature discloses that proof of a different character is required to support it. After a pleading of a waiver, the identity of the cause of action is not the same as it was before. In a recent case this court said: "The motion to strike was sustained to that part of defendant's answer which alleged, in substance, that defendant advised plaintiff of his intention to claim two-thirds of the fee and that plaintiff made no objection thereto, but permitted the defendant to brief and

argue the case on appeal and brief and argue two motions for rehearing, and that by such conduct and silence on his part, when advised of the intention of defendant, plaintiff was thereby estopped from claiming a 50 per cent. division of the fee. An examination of the answer in the county court shows that nothing of this kind was alleged. If the new allegations of the answer in the district court were sufficient to plead an estoppel, then it presented a change of the issues from what these were in the county court, and the ruling of the trial court striking out such allegations was right." *Langdon v. Kennedy, Holland, DeLacy & McLaughlin*, 118 Neb. 290. We believe the rule set out in the foregoing case to be the rule to be applied in the case at bar.

When the district court permitted the amendment setting up the waiver of the conditions of the policy that had been pleaded as a defense, the evidence necessary to sustain the allegations of the amended petition must necessarily be of a much different character than that required to sustain the allegations of the petition filed in the county court, and, such being the case, the issues are not the same and the identity of the cause of action was changed. After the amendment, the facts alleged to constitute a waiver became ultimate facts relied upon for a recovery by the plaintiff in the district court which were not presented to the county court. This court has repeatedly held that actions must be tried in the appellate court upon the same issues upon which they were tried below. This rule does not require that the petition in the appellate court shall be in the precise language of that upon which the cause was submitted below. The most that it requires is that the ultimate facts relied upon for a recovery shall be the same in both courts, and provable by evidence of the same character. *Jacob North & Co. v. Angelo*, 75 Neb. 381; *Coleman v. Spearman, Snodgrass & Co.*, 68 Neb. 28. It is the settled law of this state that a cause is to be tried in the appellate court upon the same issues that were presented in the court from which the appeal was taken, with the

exception of new matter arising after the first trial. *Merchants Nat. Bank v. American Eagle Tire Co.*, 107 Neb. 48; *Inglehart v. Lull*, 64 Neb. 758, 69 Neb. 173; *Cobbey v. Buchanan*, 48 Neb. 391; *Darner v. Daggett*, 35 Neb. 695.

The reason is, an appeal, when a bond is given as in this case, has the effect to vacate the judgment of the court below, and presents the same issue to the appellate court for its determination as was presented in the court below. If new issues can be raised in the appellate court it is not a trial of the same cause, not in fact an appeal. An appeal brings up the case presented in the court below for a new trial, and the issues cannot be changed in the appellate court, except by consent, or in the manner above suggested. *O'Leary v. Iskey*, 12 Neb. 136. This being an appeal from a judgment of the county court in a term case, and the petition having been assailed on the ground that it tenders other and different issues than those tendered in the court below, the question of fact, raised by such motion, is ordinarily determinable by a comparison of the petition filed in the district court with that upon which the cause was submitted to the county court. *Coleman v. Spearman, Snodgrass & Co.*, 68 Neb. 28. A careful examination of the petitions filed in the county and district courts discloses a change in the issues. For the reasons herein set out, the learned trial court erred in overruling defendant's motion to strike the allegations of the amended petition alleging a waiver of the conditions in the policy.

The plaintiff having admitted in his amended petition that the allegations of defendant's answer are true, and, it having been determined herein that the amendment setting up a waiver of the conditions of the policy pleaded as a defense should have been stricken, the judgment is reversed and the cause remanded.

REVERSED.