ANNA KLANECKY, APPELLANT, V. WOODMEN OF THE
WORLD, APPELLEE.

FILED APRIL 27, 1934.   No. 28923.

*Davis & Vogeltanz*, for appellant.

*Munn & Norman, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and
PAINE, JJ., and MESSMORE, District Judge.

GOOD, J.

This is an action on a fraternal benefit certificate.   At
the conclusion of plaintiff's testimony there was a directed
verdict for defendant and judgment thereon, from which
plaintiff has appealed.

Plaintiff alleged the issuance of the certificate and that

Joseph Klanecky died while a member of the order in good standing, and alleged that defendant had refused and neglected to furnish the necessary blanks for making proof of death; that plaintiff had substantially complied with the conditions entitling her to recover and that defendant had waived further compliance with its by-laws and rules. Defendant answered and, as a defense, alleged that Klanecky had been suspended for nonpayment of dues and assessments, and particularly for the assessment due February 1, 1930, was suspended March 1, 1930, and never made any payments thereafter, and that Klanecky was not a member of the order at the time of his demise.

The following facts are disclosed by the record: Joseph Klanecky became a member of the defendant society in April, 1897. A benefit certificate was issued to him in which his then wife was named as beneficiary. Later she died; he remarried, and in 1922 a new certificate was issued, in lieu of the old, in which his second wife, the plaintiff, was named as beneficiary. He paid the assessments as they became due until February, 1930. He was entitled to the whole of that month in which to pay the February assessment, but, under the terms of the certificate, he became suspended from membership on March 1, 1930, for failure to pay the February, 1930, assessment. He made no payments thereafter and died May 4, 1931. No proof of death was ever furnished the defendant. Plaintiff contends, however, that no proof was necessary because of the subsequent action of defendant in denying any liability.

Plaintiff also contends that defendant waived any forfeiture of the certificate for nonpayment of assessments and dues, and relies upon certain letters to constitute such waiver. The first of the letters relied on is a form letter, dated October 26, 1931, and reads as follows:

"Personally from W. A. Fraser to member addressed.

"Esteemed Sovereign:

"My attention has just been called to the fact that you have been suspended on the records of your Camp for

more than six months. Ordinarily this long period of suspension would sever your connection with the association. However, realizing that protection for your family and dependents is more essential in this time of economic stress than it ever was, I am sure that you will give special attention to the privilege extended in the following paragraph, which is accorded for the time being only.

"You are urgently invited to pay at once to the financial secretary of your Camp the instalment due for the current month. It will not be necessary for you to pay the arrearages on your certificate at this time. In order to help you to carry your insurance we will charge the amount of the arrearages against your certificate with interest at five per cent. You can repay the amount so charged at any time in whole or in part, or you may allow it to continue as a charge against your certificate indefinitely. It is, of course, understood that in the event of your death the amount charged against your certificate will be deducted from the amount paid to your beneficiary. But, as all our policies held by members who have been in the society for more than two years are paid for more than their face value, the chances are that your beneficiary would receive the full face of the certificate after deducting the amount you owe or probably would receive even more than the face of the certificate after the deduction is made.

"In order to take advantage of this invitation please sign the inclosed application and deliver it to the financial secretary of your Camp, paying to him at the time your regular monthly rate covering the current instalment—and do it Now.

"Truly and fraternally yours,
"W. A. Fraser, President."

It is apparent that the society had not been informed of the death of Mr. Klanecky when this form letter was mailed. Shortly thereafter a letter from a firm of attorneys, presumably representing the plaintiff, was mailed to defendant. That letter, however, is not in the record.

Then followed another letter, directed to these attorneys, which, omitting formal parts, is as follows:

"November 9, 1931.
"Joseph Klanecky, Deceased.
"Gentlemen:
"We are in receipt of your communication of November 2d giving notice of the death of the above named and wish to advise that, in accordance with our usual custom, we have forwarded the necessary blanks for making proof of this death to the financial secretary of the Camp of which the deceased was formerly a member. Upon their return to this office completely executed together with the beneficiary certificate or policy of the deceased, the matter will then be presented to our approving authorities for consideration.

"Yours very truly,
"Claim Department,
"By L. A. Roscoe."

Apparently there was another letter from the same firm of attorneys, directed to defendant, and another letter was mailed to the same attorneys in answer, which, omitting formal parts, is as follows:

"December 9, 1931.
"Jos. Klanecky, Deceased.
"Gentlemen:
"Replying to your letter of December 1st, we have to advise you that our letter of November 9th was in error and that the certificate held by the above named decedent became null and void on March 1, 1930, when he became suspended under the provisions of the constitution, laws and by-laws of the association by reason of the nonpayment of the February, 1930, instalment of the then current annual assessment on said beneficiary certificate. Said certificate was accordingly not in force at the time of his death on May 4, 1931, and there is no death benefit payable thereunder.

"The former certificate held by the deceased contains no provision whatever for the payment of dues and as-

sessments by the association in case they are not paid by the member, but on the contrary the certificate and the constitution, laws and by-laws of the association provide that, if the member fails to pay any monthly instalments of his annual assessment on or before the last day of the month, he thereby becomes suspended from membership in the association, and his beneficiary certificate becomes null and void.

> "Yours very truly,
> "Claim Department,
> "By J. M. Sturdevant."

"Waiver is an intentional relinquishment of a known right, and there must be both knowledge of the existence of the right and an intention to relinquish it." *Livesey v. Omaha Hotel Co.,* 5 Neb. 50. See, also, *Summers v. Automobile Ins. Co.,* 119 Neb. 625.

It is apparent that the form letter, signed by defendant's president, was merely an offer to suspended members to permit them to be reinstated on the conditions named in the letter. More than 17 months previously Klanecky had departed this life and could not comply with the conditions. It is evident also that the defendant society was then without knowledge of Klanecky's death. In any event, this form letter can constitute no waiver, and could not operate to reinstate to membership one who had been dead for 17 months and who had been properly suspended for more than a year prior to his death. *Novak v. LaFayette Life Ins. Co.,* 106 Neb. 417.

The benefit certificate and by-laws of the defendant society provide that if the dues and assessments levied against the member are not paid, as required by the constitution and by-laws, the certificate shall be null and void and so continue until payment is made in accordance with the by-laws. There is a further provision that the member shall have the full month in which to pay the assessment for that month. There is a provision for reinstatement of the member if he makes payment of his dues and assessments at any time within three months, but, as a

condition precedent to reinstatement, he' must give a written statement and warranty, signed by himself, stating that he is in good health, and other matters which we need not consider. There is still another provision for reinstatement at any time before the expiration of six months upon certain conditions named, and it is further provided that if a member be delinquent for more than six months he cannot be reinstated, but may, on surrendering his certificate, make application as a new member, subject to all the conditions of new applicants, except introduction. For eight months previous to his death Klanecky was not eligible to reinstatement, except on condition of surrendering his certificate and making application as a new member.

But plaintiff contends that all of these provisions are for the benefit of the society and may be waived, and that sending out blank proofs of death and inviting the plaintiff to incur expense in making out proofs constitute a waiver and has the effect of reinstating to membership one who is not even eligible to membership, except on surrendering his certificate and making application as a new member.

Plaintiff cites and relies upon the opinions of this court in *Soehner v. Grand Lodge, Order of Sons of Herman,* 74 Neb. 399, *Home Fire Ins. Co. v. Kennedy,* 47 Neb. 138, *Home Fire Ins. Co. v. Phelps,* 51 Neb. 623, *Dodder v. Pacific Mutual Life Ins. Co.,* 104 Neb. 74, and upon the case of *Noem v. Equitable Life Ins. Co.,* 37 S. Dak. 176. The facts in the Nebraska cases are so radically different that we think they are not authority for the contention made by plaintiff.

In *Soehner v. Grand Lodge, Order of Sons of Herman, supra,* the secretary of the local lodge solicited Soehner to pay his back dues and assessments on various occasions. Soehner paid the back dues and assessments to the local secretary of his lodge and received a receipt therefor, and thereafter died. It was held that the local secretary was the agent of the grand lodge and the re-

ceiving of these payments after suspension had the effect of reinstating the member in good standing.

*Home Fire Ins. Co. v. Kennedy, supra,* was an action on a fire insurance policy. With full knowledge of the facts that would constitute a forfeiture of the policy, the defendant company demanded proofs of loss and on several different occasions made repeated demands for additional proofs of loss, and demanded that the claim be submitted to arbitration. It was properly held that these acts constituted a waiver of the rights of the company to insist upon a forfeiture.

*Home Fire Ins. Co. v. Phelps, supra,* was an action on a fire insurance policy. The defense was that the insurance was void because the premises had become vacant without consent for vacancy having been indorsed on the policy. It was shown that, with full knowledge of the vacancy and conditions that would have permitted the company to avoid the policy, it treated the policy as in full force, demanded proofs of loss and additional proofs of loss and tendered a compromise settlement. It was there held that these acts continued the policy in full force and constituted a waiver.

In *Dodder v. Pacific Mutual Life Ins. Co., supra,* it was held: "If the insurance company at all times throughout the negotiations denies liability, and sends blanks to make proof of loss, subject however to its plenary rights to make whatever defense it may have, then there is no waiver of any defense it may have." Certainly, this does not sustain plaintiff's contention.

With reference to the case of *Noem v. Equitable Life Ins. Co., supra,* apparently it sustains the contention made by plaintiff. However, we think that case is in conflict with the decisions of our own court, and we are required to follow the opinions of this court, rather than those of the courts of a sister state.

In *Novak v. LaFayette Life Ins. Co., supra,* this court held: "A provision in a life insurance policy, providing that it should become null and void upon failure to pay

premiums when due, is not illegal, and where there is default in the payment of premiums, and no act or circumstance constituting a waiver or estoppel on the part of the company, preventing it from insisting upon a forfeiture, the contract will be enforced as it was made. * * *

"A notice to the insured that such a premium note has become due and is not paid, and an offer to allow for an arrangement for him to pay it and avoid forfeiture, without any other act on the part of the company displaying an attitude to compel its payment or to insist upon the right to enforce it, are insufficient to estop the company from claiming a forfeiture of the policy by reason of the previous default."

In *Cady v. Travelers Ins. Co.*, 93 Neb. 634, this court held: "A notice sent by an agent of a life insurance company to the assured that the premium on his policy of insurance is past due and unpaid, with a request for its payment, without more, payment being refused, did not change the terms of the contract with respect to the date of its conversion into a paid-up policy of term insurance."

In. *Swett v. Antelope County Farmers Mutual Ins. Co.*, 91 Neb. 561, it was held: "The making, and demand for payment, by a mutual insurance company, of an assessment upon a policy of insurance, subsequent to a loss under such policy, will not be held to be a waiver of its terms, in the absence of a plea and proof of payment by the assured of such assessment."

That Klanecky was not a member of the order at the time of his death is clear. Neither the form letter nor the one advising the attorneys that blanks to make proof of death had been sent to the financial secretary of the camp of which the deceased had formerly been a member was sufficient to constitute a waiver. In fact, plaintiff pleads that defendant neglected and refused to furnish blanks, but even in that letter the right to determine whether the claim was one for approval or otherwise was reserved, even had the blanks been sent and acted upon

by the plaintiff. However, they were not received and acted upon by the plaintiff.

Since there was no right of plaintiff to recover in this action, the trial court very properly directed a verdict for the defendant.

The judgment of the district court is right and is

AFFIRMED.